## MINKWITZ v. STEEN ET AL.

1. PRACTICE IN SUPREME COURT: *Finding of circuit court.*
   This court will not disturb the finding of a circuit court where there is evidence to support it.

2. DAMAGES: *Measure of, in replevin.*
   The measure of damages for the detention of property having an usable value is the value of the use during the detention.

3. NEW TRIAL: *Newly-discovered evidence.*
   Newly-discovered evidence that would only impeach the credit and character of a witness upon the trial, is no ground for a new trial.

APPEAL from *Pulaski* Circuit Court.

Hon. M. L. RICE, Special Judge.

*Duffie & Hill,* for appellant:

No estoppel on the evidence. Damages excessive. It should have been value of wagon, with interest. 14 *Ark.,*

505 ; 26 *Wis.*, 115 ; 21 *N. J. Law*, 165 ; *Gantt's Digest, sec.* 4718; 31 *Ark.*, 286.

*R. C. Newton, J. B. McLaughlin*, for appellee :

Argued that the estoppel was well proven by the evidence. Damages not excessive. *Gantt's Digest, sec.* 4718; 25 *Ark.*, 387, 388.

*Oliphint*, for appellee :

On estoppel cited *Bigelow, p.* 473, 475; 6 *Vesey*, 174, 182; 7 *Cranch*, 366 ; 7 *Cowen*, 148.

HARRISON, J. J. P. Steen and Kate A. Steen sued Peter Minkwitz before a justice of the peace in replevin for a spring wagon.

The defendant gave bond and retained possession of the wagon.

The plaintiffs recovered judgment and the defendant appealed to the circuit court.

The case was tried in the circuit court, by the court without a jury, and it found for the plaintiffs, and that the value of the property was $30, and the damages for its detention, $25.

The defendant asked for a new trial upon the grounds, that the finding of the court was against the evidence, that the damages were excessive, and that he had discovered new evidence since the trial. His motion was overruled and he excepted, and from the judgment appealed to this court.

There was no controversy as to the detention of the property. The evidence as to the title was conflicting ; but as the weight to be given to it was to be determined by the court, and there was evidence to support its finding, we are not authorized to disturb it.

1. PRACTICE IN SUPREME COURT: On finding of circuit court.

The sum claimed in the plaintiffs' affidavit as damages for the detention was $30. It was proven the use of the wagon was worth fifty cents a day ; and the defendant had retained the possession of it more than a year.

**2. Measure of damages in replevin** The measure of damages for the detention of property having an usable value, is the value of the use during the detention. *Kelly v. Altemus,* 34 *Ark.,* 184. The damages were not therefore, according to the proof, excessive.

The newly-discovered evidence by the defendant was that he could prove by J. W. T. Hill, that Howell, the former owner of the wagon, and who testified upon the trial for the plaintiffs that he never sold the wagon to the defendant, but that he did sell it to the plaintiffs, told him, when he was speaking to him about buying it from him, that he had sold it to the defendant; and by George A. Sheridan, that he had told him the same ; and also by Emma Sheridan, that she was well acquainted with Howell and knew his reputation in the community in which he lived, and that from his reputation, and her own knowledge of him, she would not believe him on oath.

**3. New TRIAL: Newly-discovered evidence:** The newly-discovered evidence would only have gone to impeach the credit and character of Howell; and the rule is well settled that such evidence is not a sufficient ground for a new trial. *Robbins v. Fowler, 2 Ark., 133; Wallace v. The State, 28 Ark., 531; 1 Gra. & Wat. on New Trials, 496; Hill, on New Trials, 385.*

The judgment is affirmed.