## TILLAR v. LIEBKE.

### Opinion delivered April 7, 1906.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It was not abuse of discretion
to refuse a new trial for newly discovered evidence of a certain wit-
ness in the shape of an affidavit which was in conflict with the deposi-
tion of such witness in the case, if it does not appear that the newly
discovered evidence might not have been elicited on cross-examination
of the witness when his deposition was taken.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,*
Judge; affirmed.

### STATEMENT BY THE COURT.

The appellant on 21st day of May, 1900, sued out an attach-
ment against one G. W. Hargrove in the Desha Circuit Court for
$1,012.16, amount due appellant for certain cottonwood, ash, and
oak timber which appellant had sold to Hargrove. The sheriff
levied the attachment on 392 cottonwood logs, 336 ash logs, and
197 oak logs, lying in Cypress Creek. Appellee claimed the
logs attached, made bond, and the logs were delivered by the
sheriff into his possession. Appellee intervened, alleging that
the logs at the time of the attachment were not the property of
Hargrove, and that appellant had no lien thereon; that the oak
and ash logs were, at the time of the issuance of the writ of
attachment, his property, and were still his property. Appellant
answered the intervention, denying that appellee owned the logs
or had possession of same when they were seized under the
attachment, and alleged that the logs were the property of Har-
grove. Hargrove made no defense. The court directed a ver-
dict for the appellee.

Appellant requested the following instruction:

"The plaintiff, T. F. Tillar, sues the defendant, G. W. Har-
grove, in this action for the sum of $1,000 and $12 and six cents
as purchase money due him for certain oak and ash timber sold
to the defendant which has been cut and sawed into logs and
prepared for rafting in Red Fork Bayou and in Cypress Creek
of Desha County. Hargrove being so indebted to plaintiff, and
neglecting to pay him, and having absconded, plaintiff sued out
his writ of attachment, and on the 22d day of May, 1900, the

same was levied upon the logs in controversy. C. F. Liebke intervenes in this action, and sets up a claim that he was the owner of the logs and in the possession of the same at the time the writ of attachment in this case was levied upon the logs.

"If the jury find from the evidence that neither the defendant, Hargrove, nor his authorized agent delivered the property in question to the intervener prior to said attachment, they will find for the plaintiff, T. F. Tillar, in the suit with six per cent. interest on the sum sued for from the date of the institution of this suit. ·

"The question of ownership and possession of the property is a question of fact to be found by the jury, not only from the direct testimony, but from all of the evidence introduced in the case." This the court refused.

Judgment upon the verdict was rendered for appellee, and this appeal prosecuted.

*Taylor & Jones,* for appellant.　　　　　　　　　:

1. There was a conflict in the evidence, and it was error to instruct the jury peremptorily to find for the intervener.

2. A new trial should have been granted because of newly discovered evidence.

*W. F. Coleman,* for appellee.

1. There was a written contract for sale of the logs in controversy which had been duly assigned to appellee, the purchase money had been paid, and the logs delivered and in actual possession of appellee and his agents at the time of the attachment. This is uncontroverted. Where there is no evidence to sustain an issue of fact, the court declares the law, in so instructing the jury. 57 Ark. 461. It is error to leave a question to the jury where the evidence is all one way. 72 Ark. 440.

2. Appellant did not show the reasonable diligence required by statute to authorize a new trial on the ground of newly discovered evidence. Kirby's Digest, § 6215. He could have cross-examined the witness when his deposition was taken. Newly discovered evidence that goes only to impeach a witness is no ground for a new trial. 45 Ark. 328; 72 Ark. 404.

WOOD, J., (after stating the facts.) The undisputed evidence shows that Hargrove sold the logs in controversy to the Liebke Hardwood Lumber Company by written contract, and

that it, on the 21st of May, 1900, assigned this contract for a valuable consideration to the appellee, who thus acquired title to the logs, and who was in possession thereof through his agents when the attachment was levied thereon. This the testimony of the witnesses for appellee establishes beyond question, and the testimony of appellant does not conflict with this. At the time the attachment was issued and levied upon the logs, Hargrove could not be found. He was out of the State. His testimony by deposition, which was before the court and jury, (but which does not appear in this record, having been lost since the trial), shows that, after leaving the State, he wrote to one R. B. Golder, who was the agent of appellee, directing him as such agent to take possession of the oak and ash logs in controversy for the appellee. The testimony of Golder shows that he took such possession, as does also the other witnesses' for appellee, as we construe it. There is some little conflict on minor points, but, after a careful consideration of it, we are of the opinion that such is its only legal effect. The appellant found one Willis and Bowles in possession of it when he went down to see about the timber before suing out the attachment. Bowles was the constable, or claimed to be, and the testimony of Willis showed that at that time he was the agent of appellee, so that appellant's testimony in nowise conflicts with the testimony of the appellee as to who was in possession of the logs when they were attached.

The court was correct therefore in directing the verdict for appellee. One of the grounds of the motion for new trial was on account of newly discovered evidence. In support of this, the affidavit of Hargrove is attached. In this affidavit he admits writing the letter to Golder, but says that the letter directed him to take charge of the logs for him, Hargrove, and he denies that he ever wrote a letter turning the logs over to Golder as the agent of appellee.

In the bill of exceptions is a statement showing what the deposition of Hargrove was, and also showing that the affidavit of Hargrove, made after the trial, contradicts his deposition which was used on the trial in every material particular. There is nothing in this newly discovered evidence which appellant might not have elicited on the cross-examination of Hargrove when his deposition was taken. Moreover, the alleged newly discovered

evidence, according to the statement in the bill of exceptions, was mainly in contradiction of the testimony of Hargrove, given in his deposition. Under these circumstances we do not think the court abused its discretion in refusing a new trial on the ground of newly discovered evidence.

It follows also from what we have already said that the court did not err in refusing appellant's prayer for instructions.

Judgment affirmed.

HILL, C. J., not participating.