SMITH v. GLOVER.

Opinion delivered October 7, 1918.

1.  SET-OFF AND COUNTERCLAIM—SUBJECT OF COUNTERCLAIM.—Under Acts of 1917, p. 1441, amending Kirby's Dig., § 6099, a cause of action arising either upon contract or tort may be counterclaimed in any action for the recovery of money, but not in an action merely for the recovery of specific property.

2.  SAME—COUNTERCLAIM—ACTION FOR RECOVERY OF MONEY.—In an action of unlawful detainer which seeks to recover damages for detention of the property sued for, the defendant may plead a counterclaim for damages for breach of the contract of lease.

3.  LANDLORD AND TENANT—FORFEITURE OF LEASE.—Under a lease of land for a term of six years which stipulated that the lessees must put the leased land "in cultivation continuously during the life of this lease," but contained no express provision for a forfeiture, and the evidence shows a partial performance by the lessees, a forfeiture for failure to cultivate all of the land during the second year will not be enforced, such forfeitures not being favored even in actions at law.

4.  APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS INSTRUCTION.— The giving of an erroneous instruction was not prejudicial to plaintiffs where they failed to establish a right of recovery.

Appeal from Clark Circuit Court; *C. C. Hamby,* Special Judge; affirmed.

*John H. Crawford* and *Dwight H. Crawford,* for appellant.

1.  Plaintiff's instruction No. 1 should have been given. 80 Kan. 746. It was error to give the instruction on the court's own motion.

2.  The demurrer to the cross-complaint should have been sustained. Counterclaims are not assertable in unlawful detainer. Acts 1917, p. 1441; Kirby's Digest, § 6099, 6101. The old rate is not changed by the new act. Kirby's Digest, § § 3644-5; 23 Ark. 76; 44 *Id.* 500; 40 *Id.* 38; 36 *Id.* 316, 319, 324. The damages are too remote. There can be no recoupment for alleged independent torts. 96 Ark. 78, 84; 36 *Id.* 316; 196 Mass. 431; 13 L. R. A. (N. S.) 378.

3.  The verdict is contrary to the law and evidence and is excessive. The landlord was not liable on the counterclaim. 72 Ark. 405; 95 *Id.* 131; 114 *Id.* 532.

*McMillan & McMillan,* for appellees.

1.  A partial breach of the contract by appellees would not give appellant the right to repudiate the contract, declare appellee's rights forfeited and re-enter the land. 17 Ark. 228; 24 Cyc. 1349; 100 Ark. 565.

2.  Forfeitures are not favored in equity. Before forfeiture is declared the law requires every important requisite shown, even where forfeiture is provided for in express terms. 2 Taylor Land. & Ten., 489; 59 Ark. 405; 51 Mich. 482; 44 Minn. 312; 97 Ind. 247. See also

11 Metc. (Mass.), 117; 96 U. S. 242; 29 Conn. 341; 6 Iredell (N. C.) 65.

3.   The contract must be construed favorably to appellee.   59 Ark. 405, 408; 24 Cyc. 915.

4.   There is no error in the instructions.   No specific objections were made.   119 Ark. 179; 111 *Id.* 196; 105 *Id.* 579.

5.   The counterclaim was properly allowed.   Acts 1917, 1441 amending Kirby's Digest, § 6099. "Any cause of action" may be set up in the counterclaim.   2 Words & Phrases, 1015.

6.   The damages are not too remote.   Appellant turned his hogs in the field and they damaged the crop. Kirby's Digest, § 1915; 24 Mont. 316; 152 U. S. 81.   As to the measure of damages see 95 Ark. 297; 120 *Id.* 264; 85 *Id.* 111; 113 *Id.* 598.

McCULLOCH, C. J.   The plaintiffs own lands in Clark County, and leased thirty acres thereof to defendants for a term of six years under a written contract which stipulated that defendants must "put this land in cultivation continuously during the life of this lease." After the expiration of the second year of the lease, plaintiffs instituted this action of unlawful detainer to recover possession on the ground that the defendants had failed to put all the land in cultivation and to cultivate it continuously.   In the complaint a breach of the contract is alleged, and this is denied in the answer.   Defendants also presented a counterclaim against plaintiffs for the recovery of damages alleged to have been caused by plaintiffs in turning stock into the field and in stopping up a road which provided access to the leased lands.   The prayer of the counterclaim was for recovery of damages in the sum of $150.   There was a trial before a jury, which resulted in a verdict in favor of defendants for recovery of damages in the sum of $25, and judgment was rendered accordingly, from which the plaintiffs have appealed.

Plaintiffs demurred to the counterclaim of defendants on the ground that such a plea is not available in an ac-

tion of this kind. The court overruled the demurrer, and that ruling is assigned as error. The action of the court in sustaining the counterclaim is defended on the ground that the recent statute enacted by the General Assembly of 1917, amending Kirby's Digest, sec. 6099 (Acts of 1917, p. 1441), broadens the statute on that subject so as to allow a counterclaim upon a cause of action of any character and in any kind of an action. The statute originally read as follows:

"The counterclaim mentioned in this chapter must be a cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of the contract or transactions set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action."

The amendatory act reads as follows:

"The counterclaim mentioned in this chapter may be any cause of action in favor of the defendants, or some of them, against the plaintiffs, or some of them."

It is manifest that the framers of the new statute meant to broaden the definition of a counterclaim so as to eliminate the restriction that it must arise "out of the contract or transactions set forth in the complaint" and to allow such plea in any action for the recovery of money whether the claim arose either out of contract or tort, or whether it arose out of the contract or transaction set forth in the complaint. We construed the new statute in the recent case of *Coats* v. *Milner*, 134 Ark. 311, which was an action to recover for debt due on contract and a counterclaim was presented for unliquidated damages, and we held that the plea was available under those circumstances. We said in that case that, since the passage of the new statute, "the law is that a cause of action arising either upon contract or tort may form the subject-matter of a counterclaim in any action for the recovery of money, and this may be done in any case where liability could be asserted in an original action brought against the plaintiff." Other language used in the opinion in discussing the effect of the statute must, of course, be

considered in the light of the facts of that particular case, and when so considered is not in conflict with the conclusion we reach in the present case.

We do not, however, share the views of learned counsel for defendants in the contention that the statute allows a counterclaim in an action other than one for the recovery of money. In the very nature of the subject the term "counterclaim" means a cross demand which may be asserted in liquidation or reduction of the claim made by the plaintiff, and this is necessarily limited to actions for the recovery of money, for there could be no such thing as a cross demand asserted against a cause of action for the recovery of specific property. A counterclaim is defined to be "a claim presented by a defendant in opposition to or deductions from the claim of plaintiff." 34 Cyc. 629.

Code provisions existing in most of the States with reference to counterclaims combine the elements of the pleas of set-off and of recoupment; either of which apply to claims in liquidation or reduction of plaintiff's claim. 1 Sutherland on Code Pleading, sec. 627. See also Baylies' Code Pleading, p. 414, where the rule is stated in the construction of code provisions of this character that a counterclaim "must tend in some way to diminish or defeat the plaintiff's recovery." That being essentially the nature of a counterclaim, there can not, in a suit for recovery of specific property, be such a thing as a cross demand which tends "to diminish or defeat the plaintiff's recovery." It is not conceivable that the framers of the new statute meant to provide another form of cross action and denominate it a counterclaim, when that term would be so entirely foreign to the use for which it was intended.

We are of the opinion, therefore, that a counterclaim is allowable under the statute only in actions for the recovery of money. This, however, is such an action, for there is a prayer in the complaint for the recovery of damages for the detention of the property sued for, and there is no reason why the statute would not apply to that kind of an action. It meets every requirement of the

statute, for it is an action to recover money, and the demand set forth in the counterclaim is one which, if established, would liquidate or reduce the claim set forth by the plaintiff. We conclude that the court was correct in overruling the demurrer.

It is next insisted that the court erred in one of its instructions telling the jury that if the defendant Glover "has performed his part of the contract, and that he has cleared and cultivated as much of the land as he reasonably could have cleared and cultivated during the first year, then he has not broken the contract." Plaintiff requested an instruction telling the jury that under the contract defendants were bound to cultivate all of the leased land "continuously each and every year during the term of the lease," but we observe in passing that the contract does not state specifically when the land shall be put in cultivation, and without undertaking to construe the contract in that respect, we deem it sufficient to say that the undisputed evidence shows a partial performance, and there is no express provision for a forfeiture. Therefore, there can not in any view of the case be any recovery by plaintiffs in the present action. Forfeitures in lease contracts are not favored, even in actions at law, and a court of equity will not lend its powers in aid of enforcement of forfeitures. *Little Rock Granite Co.* v. *Shall,* 59 Ark. 408; *Williams* v. *Shaver,* 100 Ark. 565.

Even if the court was in error in its instruction, no prejudice resulted, because plaintiffs had not established their right of recovery.

It is further contended that the evidence is not sufficient to sustain the verdict of the jury in favor of defendants for the recovery of damages, but we think there is evidence of a substantial nature sufficient to sustain the recovery. The counterclaim, it is true, presented an independent right of action for wrongs committed by the plaintiff against the rights of the defendant, but the statute, as we have already seen, allows that, and there is enough evidence to show that defendant was damaged by

such wrongful acts to the extent of the amount of the verdict allowed by the jury. Glover, one of the defendants, testified that plaintiffs turned 17 hogs into the field and that the hogs rooted up the ground and prevented him from cultivating a portion of it. He also testified to other acts of misconduct on the part of plaintiffs which caused him additional inconvenience and labor.

We find no prejudicial error in the proceedings, and the judgment is affirmed.