JONES *v.* BLYTHE.

Opinion delivered March 17, 1919.

1. REPLEVIN—SET-OFF.—Neither Kirby's Digest, section 6869, nor Acts 1917, p. 1441, authorizes a counterclaim in replevin to recover possession of personal property for purpose of foreclosing mortgages or deeds of trust, only authorizing a set-off against mortgage indebtedness.

2. SET-OFF AND COUNTERCLAIM—JURISDICTIONAL AMOUNT.—The total amount of a set-off pleaded in a justice's court determines the jurisdiction of that court to hear it, and if the amount is in excess of that court's jurisdiction it cannot be pleaded unless the excess above jurisdiction is relinquished.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed.

*Sid White,* for appellant.

1. The instruction to the jury is a mistaken statement of the law. It authorizes the jury to arbitrarily take into their own hands the entire business transaction and "settle the entire matter" independent of any representation or warranty, by determining what the horse was worth and awarding to appellant or appellee the difference between this value and the amount already paid by appellee simply as a moral right. This is not the law. The most that appellee can claim would be an offset to the amount of the difference in value of the stallion as represented or warranted and as he was in fact and this only after the jury had found that there was a false warranty or fraudulent representation. In replevin but one verdict may be rendered and that is for the property or its value. Kirby's Digest, §§ 6868-9; 104 Ark. 132.

Section 6869, Kirby's Digest, gives appellee the right of proving his set-off if any he has and provides that the judgment "shall be rendered for the property or balance due thereon." The failure of appellant's warranty or the falsity of his representations, if any, would probably have availed appellee as a defense by way of counterclaim but only so far as was necessary to defeat appellant's demand. 34 Cyc. pp. 1417-18; 60 Ark. 389; 56 *Id.* 426.

2. The verdict was not responsive to the issues and should not have been accepted. 104 Ark. 132; Kirby's Digest, § § 6868-9. The award of damages was in excess of the jurisdiction of the justice or the circuit court on appeal.

*Kincannon & Kincannon,* for appellee.

The differences between appellant and appellee were matters of fact which were settled by the jury after hearing the testimony under the instructions of the court which were based upon Kirby's Digest, § § 6868-9, which permits all controversies as to mortgages to be settled in one suit. 74 Ark. 320; 22 *Id.* 445; 110 *Id.* 215; 1 Cush. 271; 29 Me. 341; 35 Iowa 283; 27 L. R. A. (N. S.) (note) 991-2. The jury after hearing the testimony and instructions settled the matter and the verdict should be sustained.

McCULLOCH, C. J. Jones sued Blythe in replevin before a justice of the peace to recover possession of a stallion which he had sold to Blythe, and there was a balance of $200 unpaid on the purchase price, as evidenced by notes aggregating that amount, secured by a mortgage on the horse. The suit was instituted to recover possession of the horse for the purpose of foreclosing the mortgage. The trial before the justice of the peace resulted in a verdict in favor of the plaintiff, and an appeal was prosecuted to the circuit court.

Blythe pleaded, in defense, an alleged breach of warranty in the sale of the horse as to his qualities for breeding purposes. Unliquidated damages were set up as re-

sulting from the alleged breach of warranty. On the trial
of the cause before a jury there was no dispute as to the
unpaid balance of the purchase price of the horse, but
there was substantial evidence tending to establish a war-
ranty by the plaintiff as to the qualities of the horse, and
a breach of the warranty and the amount of damages re-
sulting therefrom. The court in its instructions to the
jury, after outlining the issues, declared the law as fol-
lows:

"If you find for the plaintiff, Jones, you will find a
judgment for the amount of the notes not paid and for
the possession of the horse. But if you find for the de-
fendant, that is that there was a warranty and that within
a reasonable time after Blythe found that there was a
breach of the warranty he offered to return the horse,
then you should find for the defendant the amount of the
damages suffered by reason of the breach of said war-
ranty."

This instruction was given over the objection of the
plaintiff, who properly saved his exceptions. The jury
returned the following verdict: "We, the jury, find for
Blythe $225, and horse to be returned to plaintiff."

The verdict of the jury was inconsistent with the
instruction of the court, as well as the testimony adduced
in the cause, and should not have been accepted by the
court. The statute governing trials of cases of this kind,
that is to say replevin suits to recover possession of per-
sonal property for the purpose of foreclosing mortgages
or deeds of trust, provides that "the defendant or de-
fendants in said action shall have the right to prove or
show any payment or payments or set-off under such
mortgage, deed of trust or other instrument, and judg-
ment shall be rendered for the property or the balance
due thereon, and the defendant may pay the judgment
for the balance due and costs within ten days and satisfy
the judgment and retain the property." Kirby's Digest,
section 6869.

Under this statute the defendant had the right to
show that the plaintiff was indebted to him in an amount

sufficient to set off the mortgage debt, and in that case the verdict should have been wholly in favor of the defendant. But this verdict finds for the defendant in an amount of damages in excess of the mortgage debt, and yet finds for the plaintiff for the return of the horse. The two features of the verdict are absolutely inconsistent with each other when tested by the statute. Whether the jury meant to assess the damages of the defendant at $225 in excess of the mortgage debt, or whether it was meant to assess the damages at that sum and to return the horse to the plaintiff to hold under his mortgage, we need not inquire, for in either event the verdict would not be correct, for, as before stated, if the mortgage debt was discharged by payment or set-off then there should be no judgment in plaintiff's favor for the return of the horse.

This calls for a reversal of the judgment and a remand of the cause for a new trial, but we deem further discussion of other matters essential to the proper guidance of the court in the proceedings on the remand.

The pleadings do not appear in the record, and we cannot determine definitely what amount of damages was claimed by the defendant, or whether the same were claimed by way of counterclaim or set-off. We assume, however, from the language of the court's instruction that the claim was presented in the form of a counterclaim and not a set-off, and from the form of the verdict we might assume that the defendant's claim was in excess of the jurisdiction of the justice of the peace, which is fixed in the Constitution at the sum of $300 in actions on contract. The statute already quoted above does not authorize a counterclaim in this kind of an action. It only authorizes proof of payment or set-off for the purpose of determining whether or not the debt has been discharged in full, or, in case of partial discharge, the amount of balance due. *Neal* v. *Brandon,* 74 Ark. 320. Nor does the act of 1917 (p. 1441) authorize a counterclaim in this kind of an action. We held in the case of *Smith* v. *Glover,* 135 Ark. 531, 205 S. W. 891, that un-

der the recent statute counterclaims can be presented only in actions for the recovery of money, and not in actions for the recovery of specific property. An action for the recovery of specific personal property for the purpose of foreclosing a mortgage on the property is not one for the recovery of money, even though the statute hereinbefore quoted provides for proof of payment or set-off, and for an ascertainment in the judgment of the amount of balance, if any, due on the mortgage debt. The statute only changed the law with respect to the judgment in regard to the alternative recovery in case the property be not delivered. Under the old form of action the alternative judgment was for the value of the property, while under the statute quoted the alternative judgment should be for the balance due on the debt. The action is still, however, one for the recovery of specific property, and although the plea of set-off is authorized, the counterclaim is not except by way of extinguishment or reduction of the mortgage debt. There cannot be a recovery over of any excess.

Even as to the plea of set-off, which is expressly authorized by the statute in this kind of an action, the total amount of the set-off determines the jurisdiction of the court to hear it, and if the amount is in excess of the jurisdictional amount of the court, then it cannot be pleaded as a set-off unless the excess above the jurisdictional amount is expressly relinquished. *Kilgore Lumber Co.* v. *Thomas,* 95 Ark. 43. The correct rule is stated in one of the encyclopedias as follows: "The rule is that a claim, to be available as a set-off, counterclaim, or reconvention, must be such that the court entertaining the action in which the cross demand is interposed would, if defendant had brought an original action upon his cross demand, have had jurisdiction thereof as to subjec-matter, amount, or territorial limitations, and a set-off exceeding the jurisdictional amount of the court cannot be brought within the jurisdictional amount by a credit for plaintiff's demand; but defendant may waive a por-

tion of his demand so as to bring it within the jurisdiction of the courts." 34 Cyc. p. 646.

Our decision in the case of *Kilgore Lumber Co.* v. *Thomas, supra,* sustains that rule, and there are other decisions of this court on that subject which also sustain it. We held in *Neal* v. *Brandon, supra,* that the judgment of the court in a replevin case determining the amount of balance due on a mortgage debt constituted an adjudication of that question which was binding on the parties in subsequent litigation. Now, if the adjudication was final as to the amount due under the mortgage, then it necessarily results that the amount of the claim to be adjudicated must be within the constitutional jurisdiction of the court, and the whole of the claim must be considered in determining the jurisdiction, unless there be a remission of the amount in excess of the jurisdiction of the court.

Reversed and remanded for a new trial.