## HAYES *v.* STATE.

### Opinion delivered March 15, 1920.

1. CONTINUANCE—APPLICATION.—Where an application for continuance on account of the absence of a witness failed to state where the absent witness was, and that his attendance could be procured at the next term of court, the motion was properly denied.

2. CRIMINAL LAW—EXCLUSION OF TESTIMONY.—Where the record does not show what the answer of a witness would have been if the court had not refused to allow a question to be asked, alleged error in refusing to permit the question to be asked will not be held prejudicial.

3.  WITNESSES—QUESTIONS ASKED BY COURT.—The mere fact that the court propounded questions to accused or to other witnesses in the case for the purpose of eliciting all the facts of the case did not constitute error where it does not appear from the record that the questions had any tendency to convey to the jury any impression of the court's views as to accused's guilt or innocence.

4.  CRIMINAL LAW—INSTRUCTION—PREJUDICE.—An instruction in a prosecution for selling whiskey which submitted the question whether accused sold whiskey within three years was not prejudicial, though the statute was passed less than three years previously, if all the testimony related to a date subsequent to its passage.

5.  CRIMINAL LAW — INSTRUCTION — FAILURE TO OBJECT.—Where defendant and his counsel were in court when the jury returned and asked if they could consider as. a circumstance of guilt defendant's prior conviction, and the court's charge correctly told them that they could do so, and no objection was raised that there was no testimony to show a prior conviction, and no request made that the court.answer in the negative, the objection will be overruled on appeal.

6.  CRIMINAL LAW — INSTRUCTION — CREDIBILITY OF WITNESSES.—An instruction that the jury might consider all the facts and circumstances admitted in evidence, that they were the sole judges of the weight thereof, and that it was permissible to show accused's occupation and history and his conviction as affecting his credibility as a witness, was not erroneous.

7.  CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence which is merely cumulative and impeaching does not authorize a new trial.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

*W. A. Ratterree* and *John P. Roberts,* for appellant.

1.  The court erred in overruling the motion for continuance on account of the absence of a material witness. Defendant had used due diligence to procure the attendance of the witness. 100 Ark. 301; 110 *Id.* 251; 129 *Id.* 299; 140 S. W. 8.

2.  The court erred in manifesting an interest in the trial by taking charge of and examining defendant while on the stand.

3.  The court erred in instructing the jury after they had retired and came back into court and the questions asked by the judge were prejudicial.

4.  The court erred in overruling defendant's motion for new trial for newly disovered evidence and surprise.  26 Ark. 496; 92 *Id.* 519; 103 *Id.* 589; 148 *Id.* 371; 30 *Id.* 723; 60 *Id.* 643; 40 S. W. 126; 37 L. R. A. 659.

5.  The court erred in refusing to let J. H. Smith, witness, answer the question contradicting John Barnett.

6.  The court erred in giving instruction No. 1 on its own motion.  Kirby & Castle's Digest, § 6021 *et seq.*

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1.  There was no error in overruling the motion for continuance.  Due diligence was not alleged nor shown. 71 Ark. 62; 94 *Id.* 169.  It is an abuse of discretion to deny a continuance on account of a nonresident witness. 103 Ark. 509; 90 *Id.* 384; 110 *Id.* 402.  No proper foundation was laid, and there was no abuse of discretion by the court.  57 Ark. 168; 41 *Id.* 153; 79 *Id.* 594.

2.  The court did not manifest an undue interest in the trial by examining defendant on the stand nor in instructing the jury after they retired and came back.  84 Ark. 95; 86 *Id.* 360.

3.  The motion for new trial was properly overruled.  The grounds were not sufficient.  66 Ark. 620; 55 *Id.* 567; 57 *Id.* 60; 69 *Id.* 546.

4.  There was error in refusing John Smith to answer question asked.  7 Enc. of Ev., p. 17; Kirby's Dig., § 3138, as amended by act of 1905; Enc. of Ev., vol. 7, p. 173; 53 Ark. 390.

5.  No error in giving instruction No. 1 on the court's own motion.  84 Ark. 95; 86 *Id.* 360.

McCULLOCH, C. J.  Appellant was indicted by the grand jury of Washington County for the offense of selling whiskey, alleged to have been committed in that county on July 17, 1918, and the proof adduced by the

State tended to show that appellant sold twenty-four pints of whiskey to John Barnett at the town of Winslow, in Washington County, in the evening of the day mentioned in the indictment.

The State relied on the testimony of Barnett and his son, Joe, who both testified that they were present when appellant sold and delivered the whiskey. Appellant was, according to the testimony, driving through the country in an automobile and stopped on the street at Winslow and took the whiskey out of his automobile and sold and delivered it to Barnett.

Appellant filed a motion for continuance for the purpose of procuring the attendance of a witness named Budd, who it was alleged in the motion would testify, if present, that Joe Barnett told him that appellant was not the man that sold the liquor to his father at Winslow. There was no statement in the motion as to where the absent witness was at that time, nor that the attendance of the witness could be procured at the next term of the court.

The court was correct in refusing to postpone the trial under those circumstances.

The next ground urged for reversal of the judgment is that the court erred in refusing to permit appellant to prove by witness, J. H. Smith, a justice of the peace, that Barnett had signed and sworn to a statement admitting that he had testified falsely with respect to the sale of whiskey by appellant. The proper foundation was laid for the contradiction, but the record does not show what the answer of the witness would have been if the court had not refused to allow the question to be asked. The record merely shows that appellant's counsel propounded to Smith the question whether or not Barnett had come before him and signed the written statement as aforesaid. In order to show that the error was prejudicial, it is essential to disclose in the record what the testimony of the witness on that subject would have been if permitted to answer.

The court, over the objection of appellant, asked appellant several questions during the progress of the latter's cross-examination by the prosecuting attorney, and this is assigned as error. It does not appear from the record that the conduct of the court in propounding questions had any tendency to carry to the minds of the jury the court's view as to appellant's guilt or innocence, and there was no error merely in the fact that the court propounded the questions to the accused, or other witness in the case, for the purpose of eliciting all of the facts of the case.

In the first instruction given by the court the question was submitted of appellant's guilt or innocence of the charge embraced in the indictment of selling whiskey "within three years before the indictment was filed." The contention is that, as the trial of the case was less than three years after the enactment of the statute making the sale of intoxicants a felony, it was error to allow the jury to consider sales made at any time within three years. The answer to this is that there could not have possibly been any prejudice resulting from this statement of the court for the reason that the testimony was directed to a particular sale made on a certain date within three years before the finding of the indictment, and after the enactment of the statute.

The record recites that the jury, after considering the case for a time, returned into court and asked "if the jury might consider, as a circumstance of defendant's guilt, his conviction for transporting liquor through Benton County;" that appellant was present in court in person and by attorney, and expressly waived a reply by the court in writing and consented that the court might answer the question orally; that "thereupon the court read to the jury the written instructions and added that they might consider all of the facts and circumstances admitted in evidence by the court, they being the sole judges of the weight to be attached thereto; that it was permissible to show what defendant's occupation and history had been, and his conviction, if any was shown by the

proof, as affecting his credibility as a witness.'' The record further recites that the defendant excepted on the ground that the court's statement constituted an erroneous statement of the law.

It is argued now that there was no testimony tending to show a conviction for the transportation of liquor through Benton County, and that the court ought to have answered the inquiry of the jury in the negative without further comment. The difficulty about this position, assumed now by appellant, is that his counsel failed to ask the court at that time to answer the question in the negative and thereby exclude that question from the consideration of the jury. The charge given by the court at that time was unobjectionable as a statement of the law, and there was no error in making it, and if it was not responsive to the inquiry made by the jury and a concise and correct answer to the question was desired by appellant, such a request ought to have been made to the court at that time.

The last contention is that the court ought to have granted a new trial on appellant's showing in his motion of newly discovered evidence. In the progress of the trial appellant adduced testimony tending to impeach the character of Barnett, and also to prove contradictory statements of Barnett with respect to the alleged sale of liquor by appellant to him. In the motion for new trial appellant set forth the affidavit of three persons who resided in Fort Smith, and who stated that they had heard Barnett say in the presence of several persons that appellant was not the man, named Lee Hayes, who sold him the liquor. This testimony was merely cumulative, and was also for the sole purpose of impeaching the credibility of Barnett, and it is a settled practice, approved by this court, not to grant new trials for the purpose of introducing testimony of that kind.

Judgment affirmed.