# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## MURPHY v. WILLIS.

- Opinion delivered March 15, 1920.

1. BROKERS—ACTING FOR BOTH PARTIES.—A real estate broker can not represent both parties to a real estate transaction without their knowledge and consent; and if he attempts to do so, he forfeits all rights to any compensation from either.

2. NEW TRIAL—SURPRISE.—Where a witness called by defendants for impeachment of the opposite party did not testify as they expected, such fact is no ground for new trial on the ground of surprise.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Newly discovered evidence which only goes to the credit of a witness is no ground for new trial.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*Starbird & Starbird*, for appellants.

The court erred in giving instruction No. 3 and in refusing a new trial on the ground of surprise. 82 Ark. 381; 19 Cyc. 226. This instruction is also contradictory to the first instruction, causing confusion.

WOOD, J. Appellee instituted this action against appellants on a written contract whereby appellants agreed to pay the appellee the sum of $785 for his services in selling for appellants a tract of land.

The appellants admitted the execution of the contract, but alleged that it was executed by them after agreement with appellee that the contract was not to be binding until the same was also signed by the purchaser of the land and also with the express understanding be-

tween appellants and appellee that a deduction of $300 was made from the purchase price of $16,000 in order to pay their part of the commission; that it was the understanding that this would be their full part of the commission, and that it was necessary for them to sign in order to make it easier for the appellee to collect the residue of his commission from the purchaser of the land; that the contract was to be null and void until the same was signed by such purchaser.

The appellee testified that the appellant signed the contract, and that he performed the services called for therein, and that appellants refused to pay his commission.

The appellants testified to facts tending to prove the allegations of their answer.

There was testimony on behalf of the appellee tending to rebut the testimony of the appellants.

The court in its instruction No. 1 defined the issue and told the jury that if they believed that the contract was signed by the appellants with the understanding that the appellee was to get all of his commission except $300 from the purchaser of the land and that the purchaser should sign the contract before it became binding on the appellants, their verdict should be in favor of the appellants; but if they found otherwise, their verdict should be in favor of the appellee.

The court further instructed the jury as follows: ''3. A real estate agent is not allowed by law to act for both parties, therefore, Mr. Willis could not act in this matter for both Mr. Murphy and Mr. Arnold.''

The appellants excepted to the ruling of the court in giving each of the instructions. The jury returned a verdict in favor of the appellee.

In appellants' motion for new trial they set up as one of their grounds the following: '' (3) Surprise in the defendant's principal witness, Sindle, informing them before the trial that he heard Willis make the alleged statement to the Pierces and then testifying on the stand

that he did not hear such statement and did not hear the conversation."

Appellants attached to the motion an affidavit by T. B. Murphy to the effect that witness Sindle told affiant before the trial that he was present and heard Willis tell the Pierces that he got the Murphys to sign the contract with the understanding that they would sign with Arnold and then when he got their signatures he did not have Arnold sign; that affiant could locate both Sam Pierce and Frank Pierce if a new trial were granted, and they would state that Willis made such statement to them which the affiant believes to be true.

The court overruled the motion for new trial and entered a judgment against the appellants. From which is this appeal.

There is no reversible error in the giving of the third instruction. "The general rule is that a real estate broker or agent who is negotiating a sale of property or otherwise acting in the usual line of his business can not represent both parties to a real estate transaction without their mutual knowledge and consent, and if he attempts to do so he forfeits all rights to any compensation or commission from either." *Featherstone* v. *Trone,* 82 Ark. 381-84, quoting 23 Am. & Eng. Enc. of Law, 907; *Taylor* v. *Godbold,* 76 Ark. 395.

After quoting the above, Judge RIDDICK, further speaking for the court, said: "The rule that forbids the agent acting for both parties is not so strict when he acts only as a medium of communication between the parties simply to bring them together, and where nothing is left to his judgment or discretion, as in those cases where he represents one of the parties in making the sale, and where such party has the right to rely on his unbiased judgment or discretion."

While the appellants testified that they had an agreement with the appellee to the effect that the purchaser of the land was to sign the contract and to pay part of the commission, the appellee in his testimony denied that such was the understanding between him and appellants,

and the testimony of the purchaser of the land corroborated the testimony of the appellee.

Manifestly the purpose of the court by the above instruction was to announce the·general rule of law as above stated. There was no testimony to warrant the inference that there was a mutual agreement or understanding between the purchaser and the appellants that the appellee should act as the agent of both in conducting the negotiations and that he should receive a commission from both.

There was no error in the ruling of the court in overruling appellant's motion for new trial on the ground of surprise. The testimony of witness Sindle was not to any substantive fact in controversy, but went only to the impeachment of the appellee as a witness. A party can not claim surprise on the ground that a witness did not properly function when called to testify for the purpose of impeaching the opposite ·party.

The testimony of the Pierces, whom the appellants allege they would have obtained but for failure of Sindle to testify as they had expected, was only impeaching testimony. The rule is well established that newly discovered evidence which goes only to impeach the credit of a witness is not a ground for a new trial. *Minkwitz* v. *Steen,* 36 Ark. 260; *Tillar* v. *Liebke,* 78 Ark. 324; *Plumlee* v. *St. L. S. W. Ry. Co.,* 85 Ark. 488; *Davey* v. *Sifford,* 124 Ark. 599; *Hayes* v. *State,* 142 Ark. 587.

Affirmed.