FELHAUER v. MILAM.

Opinion delivered May 21, 1923.

BROKERS—COMPENSATION—BREACH OF FAITH.—Where a broker employed to sell land concealed from his principal the amount of offers from purchasers and negotiated a sale for an amount largely in excess of the amount for which he was authorized to sell, and when he reported the sale to his principal claimed the excess above the authorized sale price as profits to himself, he was not entitled to a commission, on account of his withholding valuable information and attempting to make a gain for himself from the transaction.

Appeal from Crittenden Circuit Court; *W. W. Bandy,* Judge; reversed.

*Berry & Wheeler,* for appellant.

The court erred in not directing a verdict for appellant. Appellee did not disclose the true amount for which he had sold the lands, and had no contract for a commission beyond a fixed price. 94 Ark. 365; 76 Ark. 395; 126 Ark. 61; 82 Ark. 381. He lost right to commission by withholding valuable information from his principal. Court erred in giving instruction 5 and also in permitting McCorkle to serve as juror.

*Gautney & Dudley,* for appellee.

Evidence sufficient to sustain verdict, and appellant could not terminate appellee's agency after sale effected, and deprive him of commission earned. 4 R. C. L. 253; 84 Ark. 462; 91 Ark. 212. Cases cited by appellant have no application to facts of this case. The question

of good faith was properly submitted to the jury in
two instructions. No error in giving instruction 5. 117
Mass. 117, 35 L. R. A. 241; 110 Ark. 140; 135 Ark. 269;
131 Ark. 576.

HUMPHREYS, J. Appellee brought suit against ap-
pellant in the First Division of the Crittenden Circuit
Court to recover $880 as commission for selling real es-
tate for him. The complaint and answer, embraced in
condensed form in appellee's statement, are as follows:

### COMPLAINT.

"The complaint alleges that appellant was the
owner of the southeast quarter of section 2, township 8
north, range 7 east, and listed the same with appellee
for sale, at a net price of $15,000. That appellee sold
said land to J. E. Sheppard for the sum of $17,600, $7,600
in cash, the balance upon the terms proposed by the ap-
pellant; that appellee notified appellant of said sale, but
appellant failed and refused to consummate the sale, al-
though the purchaser was able, willing, and ready to pur-
chase the land upon the terms and for the price agreed
upon; that appellant was a nonresident of the State of
Arkansas, and resided at Carlinville, Illinois. Prayer
for judgment for the sum of $880, being a reason-
able commission upon the sale price of said land,
with 6 per cent. interest thereon from September 15,
1919."

### ANSWER.

"Appellant filed the following answer to this com-
plaint: admits that he is the owner of the above described
land; denies that he listed said land for sale with ap-
pellee at any price at any time; denies that appellee sold
said land to Sheppard for $17,600, or at any price; de-
nies that appellee notified appellant of said sale; denies
that appellee was appellant's agent for any purpose, and
appellant was therefore not required to execute deed to
anyone at appellee's request. Admits that appellant is
a resident of Illinois; denies that appellant is indebted
to appellee in any sum."

The cause was submitted upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment against appellant in the sum of $880, from which is this appeal. At the conclusion of appellee's testimony, appellant asked for an instructed verdict in his favor, which request was refused, over his objection and exception. This request was made upon the ground that, according to appellee's own testimony, he did not sell the land for him to Sheppard for $17,600, $7,600 in cash and the balance upon terms proposed by appellant, or present a purchaser ready and willing to pay him that sum for said land upon terms proposed by appellant, and did not report such a sale to him, but, on the contrary, reported a sale of the land for $15,000 net to him, $5,000 cash and balance upon terms proposed by appellant.

Appellant's main insistence for reversal is that the court erred in not peremptorily instructing a verdict for him on the undisputed facts. We agree with appellant in this contention. According to the undisputed facts, appellee wired appellant on September 9, 1919, who lived, at the time, in Carlinville, Illinois, that he had an offer of $15,000 for the land, $5,000 cash, balance one, two, three and four notes, 6 per cent. The contents of this telegram were confirmed by letter on the next day. When the telegram was sent and letter written, appellee had an offer of $16,000 for the land. On the following day, September 11th, appellant wrote appellee as follows:

"Your message received last night, in reply to the land, would take $15,000, but there is a lease on the land till January 1, 1921, and I would want $5,000 cash and the other $10,000 in two equal parts of $5,000 each at 6 per cent. interest, one payment in 1920 and one in 1921. If this appeals to you, let me know, as I cannot give possession till January 1, 1921, unless it would be so mentioned in the deed that the man would have the right

to all crops raised on the place in 1920, that is farming
it now. Let me hear from you."

Thereafter, on September 15th, appellee wired ap-
pellant as follows: "I have sold your land, price and
terms accepted, letter following." At the time this tel-
egram was sent and letter written, appellee had sold the
land to Sheppard for $17,600, and withheld the informa-
tion from appellant. The following excerpt is taken
from appellee's testimony relative to this letter:

"Q. You never told him that you had sold his land
for $17,600, did you? A. No sir; that would have been
shown in the face of the deed."

On December 29, 1919, appellee wrote the following
letter to appellant: "Under date of September 15, 1919,
I wired you acceptance of the land and that sale had been
made as per your offer on the 10th of September, being
$15,000 net to you. I sold this place at and for the sum of
$17,600, or at a profit of $2,600 to me. You have ignored
all letters and telegrams sent you since that time, and
this is to advise you that unless you, upon receipt of this
letter, or within ten days from this date, accept this sale
and so advise me, I will bring suit in the Crittenden Cir-
ciut Court to recover my commission or profit from
you."

Appellee did not earn a commission on the $17,600
sale to Sheppard, because he did not report it to appel-
lant until December 27, and, at that time, did not re-
port it as a sale for that amount to appellant. On that
date he reported it as a sale of $15,000 net to appellant
and $2,600 to himself as profits or commissions. Al-
though authorized to sell the property for $15,000 net, it
was his duty, in good faith and loyalty to his principal,
to apprise him at once of the advantageous sale he had
made to Sheppard. Appellant was entitled to the full
purchase price on the sale, less a reasonable commission
to appellee for making it. Appellee was not entitled to
the excess over the list price, for a real estate broker
cannot take advantage of his agency to make gain for

himself. Appellee clearly lost his right to a commission by withholding valuable information from his principal, and by demanding the excess above the listed price as a profit to himself. *Taylor* v. *Godbold,* 76 Ark. 395; *Featherstone* v. *Trone,* 82 Ark. 381; *Bennett* v. *Thompson,* 126 Ark. 61.

Other contentions are made by appellant for reversal of the judgment, but it is unnecessary to discuss them, as the judgment must be reversed and cause dismissed for the error indicated. It is so ordered..