BRADLEY LUMBER COMPANY *v.* BEASLEY.

Opinion delivered November 5, 1923.

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.—A new trial will not be granted for newly-discovered evidence of a witness who was present in attendance as such at the trial, and whose testimony might have been produced at the trial.

2. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—IMPEACHING TESTIMONY.—Newly-discovered evidence which goes only to impeach or discredit a witness is not ground for a new trial.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; affirmed.

*Bradham & Purkins,* for appellant.

We recognize the rule that the court will not ordinarily set aside the verdict of a jury on the ground of newly-discovered evidence, where the effect of such newly-discovered evidence would be merely to impeach another witness, but that rule, as any other of a similar nature, must yield, where justice demands it. However, in our view this was not impeaching evidence. Greenleaf on Evidence, 16th edition, chap. 25.

*Clary & Ball* and *S. M. Powell,* for appellee.

No diligence was shown. Appellant had abundant opportunity to learn who was in the store at the time of the sale. 147 Ark. 378; 73 Ark. 528; 85 Ark. 179; 96 Ark. 400; 103 Ark. 589; 99 Ark. 121. The sole purpose of obtaining the alleged newly-discovered evidence

is to impeach the testimony of witnesses who testified at the trial. 135 Ark. 159; 149 Ark. 642; 143 Ark. 1; 36 Ark. 260; 78 Ark. 324; 142 Ark. 587.

SMITH, J. Appellee recovered judgment to compensate a serious injury which he sustained as the result of an explosion, his suit being based on the theory that appellant had sold him gasoline for kerosene. At the trial Fred Smith and L. C. Smith gave testimony tending to show that gasoline had been put into the can which appellee had brought to appellant's store to carry the kerosene. A motion for a new trail was filed on the ground of the newly discovered evidence of Harry Johnson and Cora Johnson, his wife, who stated in their affidavits that they were present in appellant's store when the purchase was made, and that neither of the Smiths was present at the time. In opposition to these affidavits, appellee offered the affidavits of a deputy sheriff, who was in attendance on the court, and of the clerk of the court, in which those officers swore that Johnson was in attendance during the trial of the case as a witness for appellant, the defendant below, and received a certificate as such. The motion for a new trial was overruled; and this appeal questions the correctness of that decision.

Upon this showing, we think there was no abuse of the court's discretion in the matter of overruling the motion for a new trial. There was a sharp issue of fact as to whether any gasoline was pumped into appellee's can, and the importance of knowing who was present when the sale was made is apparent. It is true the manager of the store and his son, who made the sale, testified that they did not remember who was in the store at the time. But appellant knew Johnson was present at the time of the sale, and Johnson was in attendance as a witness, and the trial court may have concluded that appellant should have inquired of Johnson, either before or during the trial, who was present when the oil was sold, and not have postponed that inquiry until after the trial was over.

Moreover, the testimony of Johnson and his wife on the matter set out in their affidavits was in the nature of impeaching testimony of the Smiths (§ 4187, C. & M. Digest); and it has been held by this court that newly discovered evidence which goes only to impeach or discredit a witness is not ground for a new trial. *Murphy* v. *Willis,* 143 Ark. 1; *Hayes* v. *State,* 142 Ark. 587; *Plumlee* v. *St. L. S. W. Ry. Co.,* 85 Ark. 488; *Tillar* v. *Liebke,* 78 Ark. 324; *Jones* v. *State,* 72 Ark. 404; *Minkwitz* v. *Steen,* 36 Ark. 260.

This is the only error assigned for the reversal of the judgment, and it will therefore be affirmed.