BLANKENSHIP *v.* McDANIEL.

Opinion delivered May 5, 1924.

1. JUSTICES OF THE PEACE—JURISDICTION OF COUNTERCLAIM.—A. justice of the peace may not exercise jurisdiction of a counterclaim in excess of $300, where the defendant fails to remit so much of his demand as was in excess of the justice's jurisdiction.

2. BROKERS—ACTING FOR BOTH PARTIES.—When a broker undertakes to act as agent for both buyer and seller, it is his duty to disclose to each the facts within his knowledge; and if he misrepresents the facts to either party, he cannot recover commissions from either.

Appeal from Greene Circuit Court, First Division; *W. W. Bandy,* Judge; reversed.

*J. M. Futrell,* for appellant.

The court erred in refusing to submit the issue of fraud, and whether McDaniel was agent of Blankenship

or of both Blankenship and Hall. An agent must exercise the utmost good faith with his principal. 143 Ark. 1; 76 Ark. 395; 82 Ark. 381; Bishop on Contracts, 250.

SMITH, J. Blankenship sued McDaniel on a note for $75 in the court of a justice of the peace, and McDaniel set up a counterclaim, which he appears to have used for the purpose only of extinguishing the debt evidenced by the note sued on. McDaniel testified that he contracted to buy from one Hall a tract of land for $3,000, but, before a deed was made, he contracted to sell it to Blankenship for $4,000. That he told Hall what he had done, and directed Hall to make the deed direct to Blankenship, and that, when he brought Hall and Blankenship together, they ratified what he had done, but later refused to carry out that agreement, and Blankenship entered into another contract with Hall for the purchase of the land for $3,500, and that deal between Blankenship and Hall was consummated by the execution of a deed from Hall to Blankenship for the consideration of $3,500.

Before the institution of the suit in the justice court McDaniel brought a suit in the Randolph Circuit Court against both Hall and Blankenship, in which he set out the facts recited above, alleging also that both Blankenship and Hall were advised as to the price he was to pay and the price he was to receive, and that, after he had negotiated this deal, Hall and Blankenship colluded together to save the commission he had earned, and he prayed judgment against both Hall and Blankenship for the thousand dollars commission, after allowing credit to Blankenship for the note here sued on, the complaint admitting liability on this note. It does not appear that the suit in Randolph County was ever tried or that service was had, and, as has been said, McDaniel appears to have used the demand there sued on for the purpose only of extinguishing the debt evidenced by the note.

At the trial from which this appeal comes McDaniel testified that, at the conference between the parties, he produced Hall, who was ready and willing to execute

the deed, and that Hall entered into a written contract to convey, but Blankenship refused to carry out his agreement to pay the $4,000. The court told the jury, if they found the facts so to be, to find for the defendant, and there was a verdict for the defendant, from which is this appeal.

McDaniel could not in this suit have asked judgment for the full commission claimed, as that amount was in excess of the justice's jurisdiction; but he had the right to remit so much of his demand as was in excess of the justice's jurisdiction, but he appears to have asked only that this demand be offset against that of Blankenship. Section 6452, C. & M. Digest; *Kilgore Lbr. Co.* v. *Thomas,* 95 Ark. 43; *Jones* v. *Blythe,* 138 Ark. 81.

The question stated appears to have been the only one submitted, yet the testimony on behalf of Blankenship raised another question which should also have been submitted. Blankenship and Hall testified that McDaniel attempted to negotiate a sale of Hall's land to Blankenship, and Hall testified that McDaniel represented to him that Blankenship was willing to pay only $3,000 for the land, and, relying upon this statement, he agreed to accept that price; and Blankenship testified that McDaniel represented to him that Hall would not take less than $4,000 for the land, and, relying upon this statement, Blankenship agreed to give that price; but, when Hall and Blankenship got together, they found that they had both been deceived, whereupon they dismissed McDaniel and made another trade for $3,500, which was consummated by the execution and delivery of a deed.

It was error not to submit this theory of the case, and, in doing so, the court should have told the jury that, if McDaniel was attempting to act as agent for both the purchaser and the seller, it was his duty to disclose to each the facts within his knowledge, and that, if he misrepresented the facts to either Blankenship or Hall, he could not recover commissions from either of them.

*Murphy* v. *Willis,* 143 Ark. 1; *Gillette & English* v. *Carroll & Hogan,* 157 Ark. 492.

This principle was announced in the case of *Felhauer* v. *Milam,* 159 Ark. 178, in which case the facts are very similar to those in the instant case. There Milam, a broker, concealed from Felhauer, his principal, the true amount he was offered for a tract of land, and, after obtaining authority to sell at $15,000, he negotiated a sale for $17,600 to Sheppard, a prospective purchaser, and, upon reporting the sale to his principal, Milam claimed this excess as profits, but finally sued and recovered a judgment for a commission of five per cent., amounting to $880. Upon the appeal to this court we held that Milam could not recover anything, either as profit or commission, and we reversed the judgment and dismissed the case, and in doing so we said: "Appellee did not earn a commission on the $17,600 sale to Sheppard, because he did not report it to appellant until December 27, and, at that time, did not report it as a sale for that amount to appellant. On that date he reported it as a sale of $15,000 net to appellant, and $2,600 to himself as profits or commissions. Although authorized to sell the property for $15,000 net, it was his duty, in good faith and loyalty to his principal, to apprise him at once of the advantageous sale he had made to Sheppard. Appellant was entitled to the full purchase price on the sale, less a reasonable commission to appellee for making it. Appellee was not entitled to the excess over the list price, for a real estate broker cannot take advantage of his agency to make gain for himself. Appellee clearly lost his right to a commission by withholding valuable information from his principal, and by demanding the excess above the listed price as a profit to himself (Citing cases)."

As we have said, the testimony of Blankenship and Hall brings this case within the rule announced in the case of *Felhauer* v. *Milam, supra,* and that question should have been submitted to the jury under an instruction conforming to the law as there announced, and, for

the error in failing to submit this question, the judgment must be reversed and the cause remanded. It is so ordered.