### UNDERWOOD v. SLEDGE.

JUDGMENTS—*When may be set aside, etc.*—A court has control over its orders or judgments during the term at which they are made, and, for sufficient cause, may modify or set them aside at that term, and when so set aside, the parties are remitted back to such rights and remedies, the same as though no order had been made or judgment rendered in the first instance.

APPEAL FROM PHILLIPS CIRCUIT COURT.

HON. JOHN E. BENNETT, *Circuit Judge.*

*Garland & Nash,* for Appellant.

1st. The County Court has control over its judgments during the whole of the term at which they are rendered. 2 *Ark.,* 66; 6 *Id.,* 92; 10 *Id.,* 241; 5 *Id.,* 25; *Code, page* 176, *Sec.* 571.

2d. Presumption in law is in favor of the finding of the County Court. 23 *Ark.,* 14; *Ib.* 208.

3d. Section 13 of the law, (new Digest, p. 166) places the matter of appointing county attorneys with the County Court, and unless there is a plain abuse of this authority, there is no relief. 5 *Ark.,* 309; 6 *Id.,* 431; 10 *Id.,* 442.

4th. The matter complained of was subject to review by appeal, and therefore mandamus would not lie. 11 *Ark.,* 605; *Code, p.* 25, *Secs.* 19–24; 25 *Ark.,* 615, and cases cited.

5th. · This is not a proceeding to put in motion the discretion of a ministerial officer, as was *Marbury vs. Madison,* 1 *Cranch,* 134; but it was one to review and control the exercise of a discretion in the court below, and this cannot be done by mandamus. *Moses on Mand.,* 15; 25 *Ark., sup.*

*Palmer & Sanders,* for Appellee.

Appellee relies upon the case of *Marbury vs. Madison,* 1 *Cranch,* 137, where the right of an appointee to his office is fully discussed, to sustain his claim.

GREGG, J.—It appears, from the record, that on the 28th of

November, 1870, a majority of the County Court of Phillips county passed an order to appoint an attorney for that county, and elected the appellee, who was a member of the court, to fill the office and fixed his salary at fifteen hundred dollars per annum; that the appellee was present and active, voted to have such attorney elected and for the salary of the amount stated; did not vote for himself to fill the office, but no one else was put in nomination; that the appellant refused to vote for him and entered a protest.

Two days after, and during the same term, that court made and entered of record an order, " That the order made, on the previous day of the present term, appointing a county attorney and fixing his salary, be and the same is rescinded; and for naught held as though no action had been taken therein."

And, on the first of December, and during the same term, the appellee appeared in the County Court and moved the court to grant him a certificate of election as such county attorney; the court overruled his motion and declared their approval of the last order, vacating the one by which an attorney's salary was created and under which the appellee was elected. The appellee then presented his petition to the Circuit Court for a *mandamus* to compel the County Court to grant him such certificate.

The appellant, as presiding judge of the County Court, appeared in the Circuit Court and filed his answer to the petition, setting up the facts as stated, which were, in substance, the same as the allegations in the petition, to which response the appellee interposed a general demurrer, and the court sustained the demurrer and ordered that a peremptory *mandamus* issue, and that the county of Phillips pay all costs, from which judgment and order Underwood appealed to this court.

It is well settled, in this State, that a court has control over its orders and judgments during the term at which they are made, and, for sufficient cause, may modify or set them aside. *Ashley vs. Hyde & Goodrich*, 6 *Ark.*, 100; *Ashley vs. May*, 5 *Ark.*, 408, *and other cases; Civil Code, sec.* 571, *p.* 176.

The question presented is, whether the appellee, by the order and election, had a vested right.

It is certainly good policy in the law to allow courts an hour's reflection; time to revise hasty action, correct mistakes and review such error as they may have fallen into for want of sufficient consideration, and to this end they have, during their respective terms, to make up their records and fully consider the propriety of their judgments, and to review and correct any mistakes, errors, or indiscretions into which they may have fallen during the term, and when such revision is had, the action of the court and the record stands precisely as if no such former mistake or erroneous judgment had ever been given or entered.

In an action of debt, the judgment of a court of competent jurisdiction is a determination of the party's right; it vests in him the property of the judgment, and authorizes him to enforce a payment of the amount; yet, if during the term, the court, for sufficient cause or even without cause, sees fit to set aside such judgment, its benefits are lost to him in whose favor it was rendered.

The presumption must be indulged in, that judges, sworn administrators of the law, will deliberate and ultimately determine according to the very right in causes.

In the case at bar, without attempting to discover the undefined extent of a vested right in an office, we may well conclude the appellee had nothing better than the judgment of a court of competent jurisdiction, creating an office, fixing its salary and appointing him to fill the same, and we see no principle of law that gives him any more sacred right, in that $1500 00 salary, than any litigant would have in a $1500 00 judgment for his debt, and no reason why the court, in the exercise of its best judgment and sound discretion, might not set aside and vacate any such order or judgment; and when an order or judgment of a court is set aside, at the same term of the court at which it was rendered, the whole suit or matter stands precisely as if no such consideration had

been had or entered of record, and all parties interested are remitted back to such rights and remedies as they had before the making of the orders or judgments so vacated. It, therefore, follows that the application of the appellee for a certificate of his appointment, as county attorney, being made, without authority of law, and after the order first aforesaid had been vacated and set aside, should have been refused.

The judgment is reversed and the cause remanded with directions to overrule the demurrer and dismiss the appellee's petition.