## HUNTON *v.* LUCE.

### Opinion delivered January 5, 1895.

*Jurisdiction—Justice of the peace—Remission of part of claim.*

A plaintiff may bring his action for less than is due him, remitting the balance, and thus bring his case within the jurisdiction of a justice of the peace.

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Jos. M. Hill* for appellant.

A creditor can remit a part of his debt, so as to give a justice of the peace jurisdiction, as was done in this case. The amount *claimed* is the test of jurisdiction. 1 Ark. 25 ; 2 *id.* 449 ; 7 *id.* 261 ; 31 *id.* 313 ; 29 *id.* 384 ; 44 *id.* 100 ; 2 *id.* 149 ; 1 Eng. 533. A great majority of the courts hold that a voluntary remission of part of a claim to give jurisdiction is proper and legal. 19 Vt. 23 ; 28 *id.* 409 ; 17 Mo. 258 ; 30 *id.* 140 ; 14 Mo. App. 331 ; 20 Ill. 32 ; 24 *id.* 112 ; 76 *id.* 216 ; 35 N. W. 831 ; 2 Ia. 35 ; 1 Morris (Ia.), 404 ; 30 N. W. 683 ; 3 Denio, 319 ; 12 Johns. 435 ; 49 Ala. 407 ; 49 *id.* 307 ; 2 Stewart, 487 ; 69 Ala. 365 ; 8 Gray, 373 ; 25 N. H. 217 ; 1 Col. 268 ; 19 Wis. 195 ; 36 Ohio St. 146 ; 90 N. C. 140 ; 94 *id.* 43 ; 59 Tex. 687 ; 12 A. & E. Enc. L., p. 428.

*Humphrey & Warner* for appellee.

The decided weight of authority is against the affirmative of the proposition contended for by appellant. 37 Pa. St. 387 ; 73 *id.* 427 ; 81 *id.* 439. This rule has always prevailed in Pennsylvania, and is sustained in many States. 1 Nott & McC. (So. Car.) 192 ; 3 McCord, (So. Car.) 280 ; 20 W. Va. 424 ; 77 Va. 225 ; 22 Gratt. 593 ; 67 N. C. 1 ; 90 *id.* 140 ; 1 S. E. 835 ; 30

Ga. 8; 58 *id.* 406; 1 Baxter, 287; 49 Miss. 306; 61
Miss. 15; 54 *id.* 738; 22 S. W. 824; 1 South (N. J. L.),
231; Spenc. (N. J. L.), 265. The cases in this State
do not sustain appellee's contention. 7 Ark. 261; 1 *id.*
252, 258; *Ib.* 276; 7 *id.* 309; 24 *id.* 177; 3 *id.* 496; 43
*id.* 111.

RIDDICK, J. This is an action brought by the
appellee, Cornelia P. Luce, to declare void and enjoin
the collection of a judgment in favor of appellants, and
against one Sallie Falconer. The judgment complained
of was rendered by a justice of the peace April 20, 1891,
upon a promissory note executed by said Sallie Falconer
July 8, 1888, for the sum of $306.50, with interest at 10
per cent. A transcript of this judgment having been filed
with the clerk of the circuit court, as provided by law,
it is claimed by appellants that said judgment is a lien
upon certain land which appellee purchased from Sallie
Falconer after said transcript was filed. Before the
commencement of the suit against Sallie Falconer, ap-
pellants, in order to give the justice of the peace juris-
diction, remitted a portion of the amount due on the note
by placing thereon the following endorsement: "Credit
by amount remitted, $7.50." The justice of the peace
treated this as a remission of that amount from the prin-
cipal of the note, and issued a summons to the defendant,
Sallie Falconer, to appear and answer the claim of
appellants for the sum of $299 and interest due upon
said note. Sallie Falconer failing to appear on the
return day, the justice of the peace rendered judgment
against her for the amount sued for, $299 and interest.
As it is stated in the agreed statement of facts that the
object of this remission of $7.50 was to give jurisdiction
to the justice of the peace, and as the justice and the
parties before him looked at it in that light, and treated
it as a remission of a portion of the principal of the note,

we feel convinced that such was the intention of the appellants in making the same, and shall consider it as a remission of so much of the principal of the note as exceeded two hundred and ninety-nine dollars. The question for us to determine is, whether jurisdiction can be conferred upon a justice of the peace in that way.

The decisions of the different States upon the question whether a plaintiff may, by remitting a portion of the amount due him on a note or contract, bring his case within the jurisdiction of an inferior court, are very conflicting. This court, so far as we know, has never passed directly upon this question; but its reasoning in several cases touching the question of jurisdiction is along the lines adopted by those courts that sustain the right of the plaintiff to bring his action within the jurisdiction of an inferior court by remitting a portion of his claim. Our constitution provides that justices of the peace shall have jurisdiction "exclusive of the circuit court in all matters of contract when the amount in controversy does not exceed the sum of one hundred dollars, excluding interest; and concurrent jurisdiction in matters of contract, when the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest." It will be seen that the jurisdiction of a justice of the peace in matters of contract depends upon *the amount in controversy*, exclusive of interest. In *Lafferty* v. *Day*, 7 Ark. 260, it was held that "the amount claimed by plaintiff is the sum in controversy, and determines the jurisdiction," and that if the amount sued for be within the jurisdiction of a justice of the peace, the defendant cannot defeat the jurisdiction by showing that he owes the plaintiff more than he has sued for. In *State* v. *Scoggin*, 10 Ark. 328, Judge Scott, discussing a question concerning the jurisdiction of a justice of the peace, refers to the point raised here as follows: "So, upon a like foundation, it has been

repeatedly held by the Supreme Court of Alabama that, although an open account for an amount beyond the jurisdiction of a justice cannot be broken up so as to ground several actions before him, yet the plaintiff may elect to proceed for an amount within his jurisdiction by discarding so much of his account as may be beyond the justice's jurisdiction, and proceed only for such items as may amount to the sum of that jurisdiction; and also of a note or bond after being reduced by voluntary credits— the recovery in all such cases going to the whole contract, and extinguishing all claim to that which was discarded." He concludes, on this point, that a contract originally beyond the jurisdiction of a justice may be properly brought within it by credit, if the balance only be claimed.

A large number of cases by the courts of the different States on this question may be found collated in an opinion by Chief Justice Bleckley in a case lately decided by the Supreme Court of Georgia. After saying that "whether a creditor whose demand is created by express contract, such as a promissory note, can voluntarily abandon a part of his claim, or enter a credit upon it, for the express purpose of reducing it within the jurisdiction of a given court, is a question upon which authorities differ," he adds, that "it is probable the weight of decisions is with the affirmative." *Stewart* v. *Thompson*, 85 Ga., 830. The authorities on this question may also be found collated on pages 61 and 62 of "Courts and their Jurisdiction," a book by Judge Works, where the author states the rule as follows: "A plaintiff may bring his action for less than is due him, remitting the balance, and thus bring his case within the jurisdiction of an inferior court." See also note to *Grayson* v. *Williams*, 12 Am. Dec. 569, where the editor cites a number of cases holding, in substance, that it is not the amount of the plaintiff's claim, but

the sum that he actually demands, which determines the jurisdiction.   We have been favored by briefs from the counsel representing the different parties to this cause, in which the cases upon this question by the courts of the different States have been discussed and commented upon in an able and admirable way, but it would serve no useful purpose to further discuss such cases.   We will only announce our conclusion that the appellants had the right to bring their case within the jurisdiction of the justice of the peace by remitting a portion of the principal of their note.   We do not see that it is any violation of the rights of a debtor to allow his creditor to remit by voluntary credits a portion of his debt, and thus bring his claim within the jurisdiction of an inferior court.   After the judgment of the inferior court is rendered upon the reduced claim, the part remitted is completely extinguished, and can never afterwards be asserted against the debtor.   If the creditor desires to avail himself of the speedy justice furnished by these inferior courts, at the expense of a portion of his claim, he should be allowed to do so.   We therefore conclude that the judgment of the justice of the peace against Sallie Falconer for $299 and interest was valid.

The decree of the circuit court declaring said judgment void, and enjoining the collection of the same, is therefore reversed, and the cause remanded.

Hughes, J., being absent, did not participate.