<hr />

## KILGORE LUMBER COMPANY *v.* THOMAS.

### Opinion delivered May 2, 1910.

1. JUSTICES OF THE PEACE—JURISDICTION—COUNTERCLAIM.—Under Const. 1874, art. 7, § 40, providing that justices of the peace have jurisdiction in matters of contract where the amount in controversy does not exceed the sum of $300, exclusive of interest, a justice of the peace has no jurisdiction of a counterclaim for $500 where defendant asks that it be used as an extinguishment of plaintiff's claim for $219, and that he recover the remainder against plaintiff. (Page 46.)

2. SAME—APPEAL—JURISDICTION.—On appeal from a justice of the peace the circuit court can render no judgment that the justice might not have rendered. (Page 47.)

3. SAME—COUNTERCLAIM AND SETOFF—VALIDITY OF STATUTE.—Kirby's Digest, § 4605, providing that a setoff or counterclaim, *though exceeding in amount the jurisdiction of the court,* may be used to bar and extinguish the demand of the plaintiff, but no judgment shall be rendered in favor of the defendant for the excess, unless such excess is within the limits of the court's jurisdiction," is unconstitutional in so far as it provides that the excess only of the counterclaim or setoff shall determine the jurisdiction of the court. (Page 47.)

4. COUNTERCLAIM AND SETOFF—WHEN PREMATURE.—In a suit by a vendor to recover for lumber sold to be paid for as delivered, it is no defense that the contract required plaintiff within a certain time to cut all of the merchantable pine timber on defendant's land, and that it had not done so, if the time limit for cutting the timber had not expired. (Page 48.)

Appeal from Clark Circuit Court; *Jacob M. Carter*, Judge; affirmed.

Thomas & Hammonds. sued the Kilgore Lumber Company before a justice of the peace for the sum of $247.43, alleged to be due on an account for lumber. The defendant filed the following answer and counterclaim:

"Defendants deny that they are indebted to plaintiffs in the sum of $247.43 or in any other sum.

"II. They allege that plaintiffs and defendants entered into a contract by which plaintiffs were to cut and deliver to defendants the timber on certain lands described in the contract, owned by the defendants, at the price and on the terms named and stated in said written contract, which contract is in possession of defendants, and a copy of which is in possession of the plaintiffs; that plaintiffs totally failed to comply with and perform their part of said contract, and, by reason of their said failure to perform their part of said contract, and the terms and agreement thereof, they became indebted to the defendants in the sum of $500, on which sum the plaintiffs are entitled to a credit of $219 for two cars of lumber containing — feet. That plaintiffs are therefore still indebted to defendants in the sum of $281, with interest on said sum since the — day of ——, 1907. Wherefore defendants demand judgment against plaintiffs in the sum of $281 and for costs of suit."

The judgment in the justice's court was for the defendant in the sum of $219, and plaintiffs appealed to the circuit court. In the circuit court the plaintiffs introduced the following contract: "Whereas the Kilgore Lumber Company, party of the first part, agrees to let Thomas & Hammonds, party of the second part, cut all the merchantable pine timber 12 in. and up at the stump being and standing on one parcel of land, to-wit: W. ½ N. E. ¼, E. ½ N. W. ¼; W. ½ S. E. ¼, E. ½ S. W. ¼, containing in all 320 acres, more or less, and further agrees to pay said Thomas & Hammonds $9.25 for all lumber F. O. B. cars (board measure) including No. 2 common and better; said Thomas & Hammonds shall cut, grade and load said lumber as the Kilgore Lumber Company shall direct; the Kilgore Lumber Company shall pay to Thomas & Hammonds 85 per cent. cash on receipt of the bill of lading and invoice, balance 15 per cent. when cars are unloaded. In case the said Thomas & Hammonds should fail to cut the above timber as per

contract or cut part of it and quit, they shall pay to the Kilgore Lumber Company $500 as damages; and if they comply with the entire part of this contract, and the Kilgore Lumber Company should stop them from cutting, the Kilgore Lumber Company shall pay them $500. Said timber must be removed within two years from June 2, 1907. Said lumber must be cut plump in thickness and width. Said Thomas & Hammonds is to cut all of the 1¼ in. finish they can, and cut the common into 1 in. boards, excepting bucking boards as otherwise directed. And if they sell any lumber locally they are to turn in the amount and pay Kilgore Lumber Company $2 per thousand for their timber."

The contract was executed on June 21, 1907. After plaintiffs had cut two cars of lumber, other parties, claiming to own the land, forbade them cutting any more timber. Plaintiffs quit cutting, and, upon the refusal of the defendant to pay them for the two cars of lumber, commenced this suit to recover the price therof under the contract.

The court thereupon, at the close of the testimony for plaintiffs, instructed the jury to retire from the court room, and after the jury had retired asked defendant if it admitted that plaintiffs had delivered to them the two cars of lumber under the contract, and if the amount of $219.76 was the amount it came to at the contract price. Defendant said that it did. The court thereupon held that, the suit having been commenced by plaintiffs in a justice of the peace court, the defense of counterclaim set up by the defendant in the second paragraph of its answer was for an amount beyond the jurisdiction of the justice of the peace, and therefore the court had no jurisdiction, and that defendant could not have the benefit of said counterclaim as a defense, setoff or counterclaim to plaintiffs' cause of action and the breach of said contract by plaintiffs, as alleged; and would not be allowed to introduce any testimony to sustain the allegations of the said second paragraph of its answer.

The court then directed a verdict for the plaintiffs, and from the judgment rendered thereon the defendant has appealed to this court.

*McMillan & McMillan*, for appellants.

A party to a suit at law must interpose all his defenses, both legal and equitable. Kirby's Dig., § 6098; 70 Ark. 505; 71 Ark. 484; 56 Ark. 455; 66 Ark. 97; 71 Ark. 415. The circuit court may permit amendments and allow new issues to be made keeping clear of new causes of action. 44 Ark. 375; 46 Ark. 254. The jurisdiction is determined by the demand. 7 Ark. 258; 60 Ark. 146.

*Hardage & Wilson* and *J. H. Crawford*, for appellees.

An answer which sets up a counterclaim must state facts which constitute a cause of action against plaintiff. Bliss, Code Pldg., § 367; 43 Ark. 296; 54 Ark. 525. A complaint stating conclusions of law only is demurrable. 72 Ark. 478. Setoffs, counterclaims and cross demands are never to be regarded as payments unless made so by agreement of the parties. 19 Ark. 230; 50 Ark. 380; 64 Ark. 554.

HART, J., (after stating the facts). In matters of contract justices of the peace have jurisdiction where the amount in controversy does not exceed the sum of three hundred dollars, exclusive of interest. Const. 1874, art. 7, § 40.

Section 4605 of Kirby's Digest reads as follows: "A setoff or counterclaim, though exceeding in amount the jurisdiction of the court, may be used to bar and extinguish the demand of the plaintiff; but no judgment shall be rendered in favor of the defendant for the excess, unless such excess is within the limits of the court's jurisdiction as to amount. The judgment shall ascertain the amount due to the plaintiff and give him a credit therefor on the claim used as a setoff or counterclaim."

In the case of *Bunch* v. *Potts,* 57 Ark. 257, the defendant interposed a counterclaim for $360. The court said: "The amount of the counterclaim placed it beyond the jurisdiction of the justice; and the appeal to the circuit court invested that court with no power to try any issue that might not have been tried by the justice." That is to say, the court held that the sum demanded, and not the amount recovered, determines the question of jurisdiction. It is no answer to say that here the defendant only seeks to recover the excess, which is an amount within the jurisdiction of the justice court; for the defendant asked that a part of his counterclaim be used to bar or extin-

guish the claim of the plaintiff, and that makes it as much a part of its demand as a judgment in its favor for the excess. The Constitution contemplates that a justice of the peace shall only have jurisdiction to adjudicate matters within his jurisdiction. Here the defendant proposes that the justice shall pass upon an amount beyond his jurisdiction; for it is settled that the circuit court on appeal can render no judgment that the justice might not have rendered. The pleading of the defendant in the present case required the justice to pass upon the question of whether it was entitled under the contract between the parties to the suit to recover the sum of $500 as liquidated damages.

The effect of the defendant's pleading is to ask a recovery for the sum of $500; for if a part of this sum is to be applied to the extinguishment of plaintiff's claim under the judgment of the court, it, being a part of the judgment, is as much a recovery as that part of the judgment which is for the excess. This principle is illustrated in the case of *Hunton* v. *Luce,* 60 Ark. 146, where the court held that "a plaintiff may bring his action for less than is due him, remitting the balance, and thus bring his case within the jurisdiction of a justice of the peace." The court, after calling attention to the opposing authorities on the question, said: "We will only announce our conclusion that the appellants had the right to bring their case within the jurisdiction of the justice of the peace by remitting a portion of the principal of their note. We do not see that it is any violation of the rights of a debtor to allow his creditor to remit by voluntary credits a portion of his debt, and thus bring his claim within the jurisdiction of an inferior court. After the judgment of the inferior court is rendered upon the reduced claim, the part remitted is completely extinguished, and can never afterwards be asserted against the debtor."

Applying that principle to the case at bar, it will be seen that the defendant has not offered to remit a portion of his counterclaim so as to bring it within the jurisdiction of the justice; but, as already shown, is endeavoring to enforce his whole demand.

As stated in the case of *Derr* v. *Stubbs,* 83 N. C., p. 539: "The remission must be absolute of all demand in excess of the justice's jurisdiction, and such as would be cognizable before him if prosecuted by the defendant as an original cause of

action." Remission implies forgiveness, and means a voluntary relinquishment of a claim or a part thereof by the party capable of asserting it, and does not refer to the extinguishment of a debt or claim by agreement of the parties or by judgment of a court. It follows that so much of section 4605 of Kirby's Digest as provides that the excess only of the counterclaim or setoff shall be within the jurisdiction of the justice is unconstitutional. The court was correct in holding that it had no jurisdiction of the counterclaim in the form in which it was presented.

Again, it is contended by counsel for defendant that the matters set up are available as a defense to the action. Now, a defense goes to the plaintiff's right of action. Under the terms of the contract between the parties to the suit, a complete performance of the contract on the part of the plaintiffs was not required before they should be entitled to any pay for the timber cut and manufactured into lumber. On the contrary, it contemplated that they should be paid when the lumber was loaded on the cars and delivered to the defendant. Hence the matters set up could not be used to defeat plaintiffs' right of action by disproving it. This is borne out from the fact that the time limit given plaintiffs by the terms of the contract had not expired, and they had more than a year within which to finish removing the timber. The pleading was a counterclaim, which is defined to be "a demand existing in favor of the defendant against the plaintiff, and one which he might have prosecuted although the plaintiff had brought no action." Bliss on Code Pleading (3d ed.), § 348.

The judgment will be affirmed.