Barron-Fisher-Caudill Company *v.* Rhoda.

Opinion delivered January 1, 1917.

1. Appeal and error—appeal from justice court—amount in controversy—replevin.—A. owned mules and mortgaged them to B. B. brought an action in replevin before a justice, and sold the mules to satisfy his claim. A.'s defense was that the note secured by the mortgage had been paid. In the trial in the circuit court, the jury found in A.'s favor. *Held* the fact that the jury's verdict recited that they found for A. on his "counterclaim," when the record failed to disclose that a counterclaim had been made by A. did not make the matter of counterclaim an issue in the case, so as to deprive the justice of jurisdiction on the grounds that the counterclaim was above the jurisdictional amount.

2. Conversion—damages.—Where property is unlawfully taken from the owner, the measure of damages is the market value of the property taken.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. J. Driver*, Judge; affirmed.

*P. A. Lasley*, for appellant.

1. The court had no jurisdiction of appellee's cross-complaint. His claim was in excess of $300.00, exclusive of interest. The amount of the demand or claim governs; not the amount recovered. 44 Ark. 100; 13 *Id.* 40; 103 *Id.* 143; 95 *Id.* 43; 57 *Id.* 266; 50 *Id.* 380; 64 *Id.* 551; 77 *Id.* 582; 111 *Id.* 352.

2. The court erred in its instructions. The value of the mules was what they sold for. 86 N. W. 25.

3. The checks all bore the words "in full for clearing," etc. Appellee after accepting them cannot be heard to say that appellant was indebted to him.

*Gravette & Rodgers*, for appellee.

1. The claim of appellee was within the jurisdiction of the justice. The amount of appellant's claim, the note, was under $300.00, and this determined the jurisdiction. Const., Art. 7, § 40; 100 Ark. 248; 40 *Id.* 77; 56 *Id.* 592; 34 *Id.* 419.

2. A justice has jurisdiction if the original indebtedness is over the limit, where the balance due and claimed amounts to less, or has been reduced within the

limit by fair credits.   6 Ark. 533; 7 *Id.* 165.   The amount due was, within the limit.   The amount of each separate demand—not the aggregate sum of various items—determines jurisdiction.   1 Ark. 252; 74 *Id.* 615; 78 *Id.* 595; 89 *Id.* 435; 66 *Id.* 278; Kirby's Digest, § 6079, 6082.

3.   The note had been paid by work under contract and there is no error in the instructions.   There was no accord and satisfaction.   A check for a less sum, than the debt or marked "in full payment" may be explained and it may be shown that it was in full payment.   94 Ark. 158.

HUMPHREYS, J.   Appellant was the owner of a note and mortgage executed by W. O. Rhoda to secure a note for $250 and interest, on two mules.   The appellant brought suit in replevin before H. C. Hall, a justice of the peace of Chickasawba Township, Mississippi county, Ark., to recover possession of said mules, in order that appellant might sell them under the mortgage to satisfy said indebtedness.   A bond was given and the mules were seized and sold for the sum of $186.00.   The replevin suit was continued for a time and finally set down for hearing.   Appellant failed to appear on the day of trial and judgment was entered in favor of appellee for the possession of the mules and their value fixed at $300.   Judgment was also rendered in favor of appellee for $75 damage for the wrongful detention of said mules.   The only written pleading filed in the justice of peace court was an affidavit for replevin.   The cause was appealed to the circuit court and tried on said affidavit, the oral plea of payment of said note and mortgage by appellee, the oral evidence of witnesses and other proofs.   Judgment was rendered in favor of appellee for $199.13.   The form of the verdict of the jury is as follows:

"We, the jury, find for the defendant upon the cross-complaint in the sum of $199.13."

Appellant took the necessary steps and appealed the case to this court.

(1)    It is contended that the cross-complaint was for an amount in excess of the jurisdiction of the magistrate's court.    In other words that it exceeded $300, exclusive of interest.    While the judgment shows that the cause was tried on the complaint, answer and cross-complaint, and while the verdict recites that defendant recovered upon the cross-complaint, the record recites that there were no written pleadings.    No answer or cross-complaint appears in the record.    On page 20 of the transcript it appears that "The defendant, in open court, admits the execution of the note; the mortgage securing same; and pleads payment, and assumes the burden of establishing his plea of payment."    The only issue presented by the record was as to who was entitled to the possession of the mules, and this depended upon the question of the payment of the mortgage.    If the mortgage had not been satisfied by payment or otherwise, the appellant was entitled to the mules for the purpose of foreclosing its mortgage; but if said appellee was entitled to the possesion of the mules, and the appellant wrongfully sold them, appellee was entitled to recover their value. The question of a counterclaim was not an issue in the case, hence the cases of *Hunton* v. *Luce*, 60 Ark. 147, and *Kilgore Lumber Co.* v. *Thomas*, 95 Ark. 43, on the question of counterclaim beyond the jurisdiction of a justice of the peace have no application to the facts in this case.    Under the facts in this case the verdict of the jury, and judgment of the court based thereon, were necessarily for the value of the mules wrongfully taken and sold by the appellant, and the fact that the verdict recited that it was upon the cross-complaint cannot change its evident meaning. This is so because the only issue between the parties was as to whether the mortgage had been paid, and we must presume that the verdict was responsive to that issue.    The evidence as to the value of the mules ranged from $175 to $300 and the jury might well have found the value to be $199.13 including interest.

(2)   Appellant insists that the court erred in not instructing the jury to the effect that the appellee "Would be entitled to a credit only for the amount that the property sold for if the sale was had fairly and honestly, openly and after due notice was given." This is not the test.   Where property is unlawfully taken from a party the measure of damages is the market value of the property.   The court told the jury in instruction 5, that if they found for the appellee it would be their duty "To ascertain from a preponderance of the evidence in this case the fair and reasonable value of the two mules about which the controversy arose at the time the two mules were sold under the direction of the plaintiff and report said value to the court which will be a fair and reasonable value of the property at the time."   This instruction presented the correct rule.

It appears that the checks issued by appellant in payment of the improvements from time to time made by appellee on appellant's land in payment of the note and mortgage had written on them "paid in full." Appellee testified that the checks were furnished to him for the purpose of paying men engaged in helping him and not for his services.   Appellant contends that the court should have instructed the jury to the effect that these words written on the checks were conclusive and precluded appellee from cla ming anything furnished for improvements unless some fraud was shown. The court instructed the jury in instruction 8, that the indorsement of said words made a *prima facie* case against appellee and raised the presumption of full payment, but such a presumption might be overcome by a preponderance of evidence.

We do not think that the words "paid in full" indorsed on checks are conclusive, so this question was submitted to the jury on proper instructions.   There being no error in the record, the judgment is in all things affirmed.