DEANS *v.* LEGG.

Opinion delivered January 25, 1932.

Rice & Rice, for appellant.

Earl Blansett, for appellee.

MEHAFFY, J. The appellee brought suit in replevin in the justice of the peace court of Roller's Ridge Township, Benton County, Arkansas, alleging that appellant had possession of six head of cattle belonging to him; that he was entitled to the immediate possession, and that the value of the cattle was $300. He filed the regular affidavit to obtain delivery, and also filed bond. An order of delivery and summons were issued.

The appellant filed an affidavit for change of venue, and the case was transferred to an adjoining township. After the case was transferred, the appellant filed an independent suit against appellee in the justice of the peace court, to which the former case had been transferred.

The appellant alleged in his complaint that there was in effect a stock law in the township where appellant's suit was brought and where both parties lived, forbidding cattle to run at large; that he had on his farm two acres of tomatoes; that the appellee permitted six head of cattle belonging to him to go upon the premises of appellant and destroy said tomatoes; that he impounded said live stock and held same for fees; for taking up and impounding, $3; for feeding same two days, $6; for giving written notice to owner, $1; amounting to $10; and $125 for damages to his crop.

Appellee filed a motion to dismiss appellant's complaint, alleging that the damage sought was to real estate, and the justice had no jurisdiction.

The justice court rendered judgment against appellant in favor of appellee for $20. The appellant appealed to the circuit court, where appellee presented his motion to dismiss for want of jurisdiction. The circuit court sustained the motion and dismissed the cause for want of jurisdiction. The case is here on appeal from the circuit court.

The record does not show whether the replevin suit brought by appellee has ever been tried, and the only question for us to determine is whether the justice of the peace court had jurisdiction of the subject-matter of the suit brought by appellant. Both parties argue the question as to whether the justice of the peace had no jurisdiction because the suit involved trespassed-on land. We find it unnecessary to determine this question.

As to the jurisdiction of justice of the peace courts, the Constitution provides, among other things: "And in all matters of damage to personal property where the amount in controversy does not exceed the sum of $100." Article 7, § 40, of the Constitution.

Appellant states that there may be some question as to whether the tomato crop was within the jurisdiction of the justice of the peace court, but states that, if it was personal property, it could not be maintained in the justice court for damages exceeding $100. If it was trespass on real property, it is conceded that the justice court would have no jurisdiction.

An early case, probably the earliest one deciding this question, is *Hunton* v. *Luce,* 60 Ark. 146, 29 S. W. 151. 28 L. R. A. 221, 46 Am. St. Rep. 165. The court in that case held that a plaintiff might bring his action within the jurisdiction by remitting a portion of his claim, but stated that the amount claimed by plaintiff is the sum in controversy, and determines the jurisdiction.

This court again, in the case of *Kilgore Lumber Co.* v. *Thomas,* 95 Ark. 43, 128 S. W. 62, and in the case of

*Barron-Fisher-Caudill Co.* v. *Rhoda,* 126 Ark. 554, 191 S. W. 229, reached the same conclusion, approving the doctrine announced in *Hunton* v. *Luce.*

It is therefore settled by the decisions of this court that the justice of the peace has no jurisdiction where the suit is for damages to personal property, and the amount in controversy exceeds $100. Therefore, whether the suit was for damages to personal property or trespass to real estate, the justice of the peace had no jurisdiction.

Appellant, however, says that his complaint should not have been dismissed, because he also sued for cost and fees amounting to $10, which was within the jurisdiction of the justice of the peace. These items, however, were necessarily involved in the original suit brought by appellee, and could not, in the same court, be the basis of another and independent suit for these amounts.

The suit, being for $125 damages, was not within the jurisdiction of the justice of the peace court, and the judgment of the circuit court is therefore affirmed.