Vada COWAN *v.* Florence PATRICK

5-5078                                                    448 S. W. 2d 336

Opinion delivered December 22, 1969

*Gannaway* & *Darrow,* for appellant.

*Guy Jones, Phil Stratton, Guy Jones, Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant brought suit against appellee and Basil Patrick. When it came to trial, Florence Patrick moved for a dismissal of the complaint as to her without prejudice at the conclusion of appellant's proof on the ground that there was no evidence of a joint venture with Basil Patrick. The circuit judge stated that he had no discretion to do this, but that there was no evidence of a joint venture between the defendants to submit to the jury on the question of Mrs. Patrick's negligence and liability to appellant. Although the judge stated that there was every indication that Florence Patrick was joined as a party defendant for the pupose of establishing venue, he directed a verdict in her favor, after which appellant took a non-suit as to a counterclaim. Judgment was entered accordingly on October 9, 1968. On December 12, 1968, during the same term, a hearing was had, as a result of which the court entered a substituted and amended judgment reciting that it had dismissed the complaint of appellant against Florence Patrick on the grounds of insufficient evidence to present the issue of joint enterprise to the jury. This appeal was taken from that judgment.

Appellant objected to the action taken at the December hearing on the basis that the court could not have done anything in the circumstances other than direct a verdict. The trial judge stated that the original judgment did not correctly set forth that which was done or meant to be done and that the judgment in or-

der to reflect the true purpose, meaning and intent of the court would have to reflect the finding that Florence Patrick was improperly made a party defendant merely for the purpose of establishing venue.

Appellant relies on two points for reversal. The first is that the court could do nothing other than direct a verdict if she failed to produce evidence to support her complaint against appellee Florence Patrick. The second is that the court erred in entering the substituted and amended judgment. We shall discuss these points in reverse of the order stated.

The gist of appellant's argument on the second point is that the court did actually direct a verdict, so that the action taken on December 12 was erroneous. This argument overlooks the control which a court has over its judgments during the term at which rendered. Before the expiration of the term, a trial court has the inherent power to modify its judgments not only to reflect the action actually taken but to correct its own erroneous action.

A court's plenary control of its judgments during the term is inherent and exists without reference to any statute. *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50; *Wells Fargo & Co. Express* v. *W. B. Baker Lumber Co.,* 107 Ark. 415, 155 S. W. 122. This inherent control includes the power to modify a judgment for sufficient cause without requiring the formality of a motion to do so. *Wilkerson* v. *Johnston,* 211 Ark. 170, 200 S. W. 2d 87; *Stinson* v. *Stinson,* 203 Ark. 888, 159 S. W. 2d 446; *American Building & Loan Assn.* v. *Memphis Furn. Mfg. Co.,* 185 Ark. 762, 49 S. W. 2d 377; *Democrat Printing & Lithographing Co.* v. *Van Buren County,* 184 Ark. 972, 43 S. W. 2d 1075; *Wells Fargo & Co. Express* v. *W. B. Baker Lumber Co.,* supra. In the exercise of this power, the court may review and correct any errors into which it may have fallen during the term. *T. J. Moss Tie Co.* v. *Miller,* 169 Ark. 657, 276 S. W. 586.

In *Underwood* v. *Sledge,* 27 Ark. 295, one of the leading and more frequently cited cases on this subject,

we had this to say:

> "It is certainly good policy in the law to allow courts an hour's reflection; time to revise hasty action, correct mistakes and review such error as they may have fallen into for want of sufficient consideration, and to this end they have, during their respective terms, to make up their records and fully consider the propriety of the judgments, and to review and correct any mistakes, errors, or indiscretions into which they may have fallen during the term, and when such revision is had, the action of the court and the record stands precisely as if no such former mistake or erroneous judgment had ever been given or entered."

Earlier we had held that it was competent for a circuit court to modify or change its proceedings and judgments at any time during the term at which they were had, so long as the action was not capricious or arbitrary, but was in the exercise of a just legal discretion. *Campbell* v. *Garven,* 5 Ark. 485.

The court's discretion to vacate an improper judgment before the lapse of the term will not be controlled on appeal. *Wright* v. *Ford,* 216 Ark. 55, 224 S. W. 2d 50.

Since the trial court had the inherent power to modify its judgment, we must determine whether the court could take the action finally taken, *i. e.,* dismiss the complaint as to Florence Patrick for insufficient evidence to present the issue of joint enterprise to the jury. The abbreviated record submitted consists only of the proceedings in chambers on October 2, the judgment of October 9, the proceedings before the court on December 12 and the substituted and amended judgment then entered. There is no serious contention that the circuit judge erroneously stated that there was insufficient evidence to present a jury question as to the liability of Florence Patrick as a joint venturer with Basil Patrick. Ordinarily, a trial judge cannot require a plaintiff to take a peremptory nonsuit because of a failure of

proof.[1] The only proper action in such a case is to direct a verdict.

Yet, this court has recognized that there are circumstances under which a circuit court has the power to dismiss an action which is shown to have been brought without merit and which constitutes an abuse of process. *Heard* v. *McCabe*, 130 Ark. 185, 196 S. W. 917. In that case we sustained the circuit court's dismissal of a complaint upon a finding that the cause was without merit and was brought for vexatious purposes. This ground is not one of those recognized in Ark. Stat. Ann. § 27-1405 (Repl. 1962) as the basis of a dismissal without prejudice, so it is clear that the statute does not necessarily preclude the dismissal of a complaint on other grounds.

The principle involved here is treated in Pomeroy, Code Remedies, pp. 313-317, §§ 191 and 192 (5th ed. 1929). We quote portions of these sections as follows:

"* * * When a legal action is brought against two or more defendants upon an alleged *joint* liability, even though based upon a *joint contract,* and one or more of them are, so far as they are individually concerned, properly sued, but the others are improperly united, the defendants properly sued have no cause of complaint whatsoever, in any form, on account of the misjoinder; they cannot demur or answer for defect of parties, because there is no 'defect;' they cannot demur generally for want of sufficient facts, because sufficient facts are averred as against them; they cannot demur or answer on account of this *misjoinder,* because that particular ground of objection is not provided for by the codes. If on the trial the cause of action is proved against *them,* but none against them *and the others,* still the plaintiff will not be absolutely nonsuited; he

[1] The court may without question dismiss an action upon other grounds not material here. Ark. Stat. Ann. § 27-1405 (Repl. 1962).

will recover his judgment against them according to the right of action established by the proof; while as against the other defendants he will fail, and will be nonsuited, or his complaint be dismissed. * * *

The situation of those parties improperly joined as co-defendants is, of course, very different from that just described. The very statement of the case assumes that the action is wrongly brought as against them; that, either as disclosed by the allegations of the plaintiff's pleading, or as discovered by the evidence on the trial, no cause of action exists against them, notwithstanding the one which exists against their co-defendants. If, therefore, in such a case, it appears on the face of the complaint or petition that one or more persons have been improperly made defendants, such persons may present the objection by a demurrer, not on the ground of a 'defect' of parties, but on the ground that the plaintiff's pleading does not state facts sufficient to constitute a cause of action against them. * * * If the absence of a cause of action does not appear on the face of the plaintiff's pleading, the defence may be set up in the *separate* answer or answers of the parties who rely upon it. Finally, whatever be the completeness or defect of the allegations made by the plaintiff and of the issues raised in the answers of the defendants, if on the trial the evidence fails to establish a cause of action against some portion of the defendants, and it thus appears that they had been wrongfully proceeded against in the action, the plaintiff will be nonsuited, or his complaint or petition dismissed as to them, and his recovery will be limited to the others against whom a cause of action is made out. The foregoing rules are sustained by the cases with almost absolute unanimity. These are the more regular and formal modes of raising the questions as to misjoinder by those de-

fendants who are thus wrongfully made parties to a suit; but there undoubtedly may be cases in which the court will proceed in a more summary manner, and will strike off the name of a party on his mere motion. Such cases must of necessity be somewhat exceptional, for, as a general rule, the rights and liabilities of the parties to the record will not be determined on motion or by any other means except a formal trial of the issues.''

We think that appellee's motion was one of the procedures set out above. It was as follows:

''Your Honor, at the close of all of the testimony on the part of the plaintiff, Vada Cowan, and upon the resting of the evidence and testimony for the plaintiff, counsel for the defendant Florence Patrick moves for a dismissal without prejudice of the Complaint of the plaintiff as to the defendant, Florence Patrick, on the grounds that Florence Patrick is in this cause as a defendant on allegation of joint venture and there is no evidence to that effect. Testimony has not been presented by the plaintiff to carry out the burden as requested [required] by the laws of Arkansas to prove joint venture.''

This motion was in substance a motion for dismissal of the complaint without prejudice and was an appropriate means of invoking the powers of the court in this regard under the authorities above cited[2].

Appellant argues, however, that her complaint could not be dismissed without prejudice over her objection, relying upon Ark. Stat. Ann. § 27-1405 (Repl. 1962) and cases such as *Martin & Van Horn* v. *Webb*,

---

[2] Under the common law, when it appeared upon proof on the general issue that there was a misjoinder of defendants, a nonsuit as to those improperly joined seems to have also been the proper remedy. *Harris* v. *North*, 78 W. Va. 76, 88 S. E. 603, 1 A. L. R. 356 (1916).

5 Ark. 72; *Ringo* v. *Field,* 6 Ark. 43; *Hill, McLean & Co.* v. *Rucker,* 14 Ark. 706. As to the cases relied upon, it would be sufficient to say that all of them were decided years before the adoption of the civil code. We think that the procedures set out in Pomeroy are much more appropriate to the code practice. No question pertaining to joint liability was involved in either of these cases, nor is it mentioned in the statute. Furthermore, we have pointed out that the grounds listed in the statute did not exclude other grounds for dismissal of a complaint without merit when an abuse of process results.

If we accepted appellant's arguments, a plaintiff might fix a venue favorable to him for the trial of a counterclaim of one having no liability to him whatever, by the subterfuge of alleging a fictitious joint liability, knowing full well that there could be no factual or legal basis for that liability. This would be a most undesirable result, which we do not believe is intended by our procedural statutes. The use of subterfuge to fix venue in other cases has been rejected by us. See *Robinson* v. *Bossinger,* 195 Ark. 445, 112 S. W. 2d 637 and cases cited therein. Under our law, such a possibility is avoided.

The argument that such a dismissal cannot be without prejudice cannot be sustained. In applying Ark. Stat. Ann. § 37-222 (Repl. 1962), permitting a new suit after a plaintiff had suffered a nonsuit, we applied the rule stated in *State Bank* v. *Magness,* 11 Ark. 343, that a new suit might be brought by a plaintiff who, from causes incident to administration of the law, is compelled to abandon an action, whether by his own act or by the act of the court, when either would leave a cause of action determined. *Wheeler* v. *Wallingsford,* 229 Ark. 576, 317 S. W. 2d 153. See also *Forschler* v. *Cash,* 128 Ark. 492, 194 S. W. 1029.

The judgment is affirmed

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. My dissent to the majority opinion's amendment of Ark. Stat. Ann. § 27-1405 (Repl. 1962) is based upon the fact that civil procedure in this State is controlled by legislative act. Ark. Stat. Ann. § 27-1405 is as follows:

"DISMISSAL OF ACTIONS.—An action may be dismissed without prejudice to a future action:

First. By the plaintiff before the final submission of the case to the jury, or to the court, where the trial is by the court.

Second. By the court where the plaintiff fails to appear on the trial.

Third. By the court for the want of necessary parties.

Fourth. By the court on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

In all other cases, upon the trial of the action, the decision must be upon the merits. [Civil Code, § 402; . . .]"

It will be noted that the General Assembly, after setting up five grounds for dismissal of a complaint, provided that: *"In all other cases, upon the trial of the action, the decision must be upon the merits."* When we add an additional ground for dismissal it appears to me that we are but "LEGISLATING."

If I were at liberty to legislate I would go further and provide that when it appears that a cause of action

is filed in a particular jurisdiction because of "a race to the court house" and for purposes of fixing venue only then the trial court in its discretion may transfer the cause to the county in which the cause of action could most conveniently be tried.

Because I conscientiously believe that the Supreme Court should only interpret the laws as it finds them and leave to the General Assembly the amendments thereof, I dissent from the action here taken by the majority.