Richard L. Mays, Justice.
 

 After announcing judgment at conclusion of a trial on the merits of a suit brought by appellants for cancellation of a contract, the chancellor vacated the judgment and entered judgment for appellees following a hearing on an amended answer which raised additional defenses. For reversal on appeal, appellants’ sole contention is that the court abused its discretion. We disagree.
 

 In August, 1970, appellants, G. E. and Berniece Massengale, entered into an escrow contract to sell their slaughter and meat processing business in Harrison, Arkansas to appellee, James and Virginia Johnson, for $48,000, $1,-880 payable the first year of the contract and the balance payable upon annual installments of $2,000. The contract also contained a provision allowing appellees to defer annual payments against certain expenditures for repairs and improvements until the end of the regular scheduled contract payments.
 

 When appellants sued appellees in December, 1978, alleging breach and seeking cancellation of the contract, the chancellor found appellees to be in default, primarily relying on escrow account payment records which indicated that appellees had failed to make their principal payments in 1973, 1974 and 1977. Although the chancellor announced her judgment from the bench on February 8, 1979, she vacated the judgment on March 8, 1979, after an oral motion by appellees’ new counsel on February 15, which was later reduced to writing on February 22, requesting the court to hear additional evidence. Following a rehearing on April 5, 1979, after permitting appellees to amend their original answer to allege expenditures justifying non-payment of the annual installment in question and other matters which were not developed at the first trial, the chancellor reversed herself, finding that appellees were not in default.
 

 It is a well settled principle that courts have control over their judgments during the term at which they are made, and, for sufficient cause, may, either upon application or upon their own motion, modify or set them aside. Wilkerson v. Johnston, 211 Ark. 170, 200 S.W. 2d 87 (1947). This power is inherent and plenary and exists without reference to any statute, Cowan v. Patrick, 247 Ark. 886, 448 S.W. 2d 336 (1969). It exists so that courts may review and correct any mistakes, errors or indiscretions which might have been committed during the term. Underwood v. Sledge, 27 Ark. 295 (1871). Although terms of court have been abolished in chancery, the law abolishing terms specifically provides that for 90 days chancellors have the same power to modify or vacate judgments that they would have had during the same term of court. Ark. Stat. Ann. § 22-406.4 (Suppl. 1979). The only limitation on the exercise of this power is addressed to the sound discretion of the court, which need not conform to statutes governing the vacation of judgments after the expiration of the term or 90 day period. See McDonald v. Olla State Bank, 192 Ark. 603, 93 S.W. 2d 325 (1936); also § 22-406.4 (Supp. 1979).
 

 Although appellants do not attack the merits of the chancellor’s final judgment, they contend that the court abused its discretion by vacating its original judgment and allowing appellees to amend their answer and introduce new evidence. Other than a general reference to equity and justice, the chancellor did not expressly state the reasons for vacating the judgment but they may be inferred from the record. Although appellants alleged numerous violations of the contract, the chancellor expressly relied on appellee’s failure to make certain scheduled payments to find appellees in default. She apparently gave little consideration to the deferred payment provision of the contract, which permitted postponement of payments for certain repairs and improvements, even though there was some evidence that appellees had made repairs and improvements. Apparently recognizing that this issue had not been adequately explored and realizing its importance to the central issue of breach of contract, the court vacated the judgment to prevent a miscarriage of justice.
 

 Appellants argue that the court should not have vacated the judgment' and taken additional evidence because appellees should have adequately developed the issues at the first trial and did not present a reason for not doing so which would have entitled them to relief. While we agree that the chancellor was not required to set the judgment aside and grant a new hearing, that in no way implies that the chancellor should be prohibited from doing so. Having reasonable cause to believe that the issue had been decided incorrectly, in part because of misplaced emphasis in the chancellor’s deliberation, the chancellor properly exercised her. discretion to reduce the possibility of error.
 

 Appellant tries to make a separate issue of the chancellor’s decision to allow appellees to amend their answer after the first trial, but we have difficult separating the two issues since they both are addressed to the chancellor’s discretion and undergird her ultimate disposition of the issues. We have said many times that the question of allowing an amendment to pleadings during the course of a trial is addressed to the sound discretion of the trial court, whose actions will be sustained unless there has been a manifest abuse of discretion, materially prejudicing the complaining party. Burton v. Rice, 234 Ark. 354, 352 S.W. 2d 568 (1961); Butler v. Butler, 176 Ark. 126, 2 S.W. 2d 63 (1928). Appellants have not claimed prejudice and cannot claim surprise since they learned of the grounds of the amended answer when appellees initially asked the court to set the judgment aside and take additional evidence. Moreover, even if appellants could claim surprise, they should have moved for a continuance to minimize or. eliminate any possible prejudice. Again, it is not a question of appellees’ right to. amend their answer but the chancellor’s right to permit it. The two issues should not be confused. We discern no abuse of discretion.
 

 Affirmed.