Kathryn STEWARD *v.* Sid WURTZ and Rita Wurtz d/b/a Rita Wurtz Interiors

96-1160                                                      938 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered February 17, 1997

*Charles A. Brown, P.A.*, for appellant.

*Floyd A. Healy*, for appellees.

DAVID NEWBERN, Justice. This case arises from the Trial Court's decision to modify (reduce) a previous order awarding an attorney's fee and expenses to a prevailing defendant. The order which was later modified was in favor of the appellant, Kathryn Steward. The issues are whether the Trial Court had the authority to modify its order and whether Ark. Code Ann. § 16-22-309 (Repl. 1994), which provides for an award of an attorney's fee in the event an unfounded claim or defense is made in bad faith, was correctly applied. We hold the Trial Court had the authority to modify its order, but that the statute was improperly applied; thus the decision is reversed and the case is remanded for further proceedings.

In 1992 Ms. Wurtz and Dean Haley, Jr., leased a building from Ms. Steward for $300 per month. Mrs. Wurtz and Mr. Haley shared space in the building where they operated separate

businesses intended to be complimentary to each other. Each tenant was to pay half the monthly rent.

At the outset, Ms. Steward agreed to forego collection of several rental payments in exchange for improvements to be made to the property by the tenants. Later, she agreed to reimburse the tenants for other repairs and improvements.

In October, 1994, Ms. Wurtz and her husband, appellee Sid Wurtz, sued Mr. Haley and Ms. Steward. It was alleged that Mr. Haley, acting as agent for Ms. Steward, had placed Ms. Wurtz's inventory in an alley behind the building and that it was damaged. It was further alleged that Mr. Haley took other assets from Ms. Wurtz. Finally, the complaint contended that Mr. Haley was obligated by his agreement with Ms. Wurtz to pay her $5,000 for the value of improvements to the building when she moved out. The Wurtzes prayed for $11,000 in compensatory damages and $50,000 in punitive damages. The claim against Mr. Haley was settled, and he was dismissed from the litigation.

In her answer to the complaint, Ms. Steward, in language quoted from Ark. R. Civ. P. 11, asked for an attorney's fee and expenses, although the answer did not cite Rule 11.

A trial was held on December 15, 1995. Ms. Wurtz testified that Ms. Steward had paid her all she was owed. Mr. Wurtz testified he was a plaintiff only because he was Ms. Wurtz's husband. Ms. Steward's motion to dismiss was granted. At that point, counsel for the Wurtzes inquired about the Rule 11 sanctions sought by Ms. Steward. Counsel for Ms. Steward suggested that matter be considered at a later date, and the Trial Court agreed.

Ms. Steward later moved for attorney's fees and expenses, citing Rule 11. On March 11, 1996, a hearing was held on the motion. Neither the Wurtzes nor their counsel appeared. The Trial Court, without discussion, awarded Ms. Steward $2,604.77, consisting of an attorney's fee, costs, and expenses in the amount of $2,536.42 and personal expenses of Ms. Steward in the amount of $68.35, all of which were itemized in the motion.

An "Order of Supplemental Judgment" was filed the same day. The order recognized Ms. Steward's claim for personal

expenses and attorney's fees "arising out of her defense in this action, in which the Court has found the Plaintiffs to have no meritorious cause against Kathryn Steward."

The Wurtzes moved to set aside the order on March 18, 1996. Counsel for the Wurtzes admitted that he was responsible for his and their absence from the hearing, but claimed that he made an honest scheduling mistake which he characterized as an "unavoidable casualty and neglect." The motion further claimed "That Plaintiffs have a valid defense as to the Motion for Contempt and Rule 11 sanctions which were brought against them."

On May 31, 1996, a hearing was conducted on the Wurtzes' motion to set aside. In their arguments to the Trial Court, the parties focused on § 16–22–309 rather than Rule 11 which was not mentioned. The Wurtzes asked the Trial Court to set aside the amount of the award and to take testimony concerning the amount of the fee owed. They claimed that the amount in controversy was $6,650 and that, in accordance with the statute, an award of attorney's fees based on the lack of a justiciable issue would be limited to 10% of that amount. We cannot ascertain from the record the origin of the $6,650 amount-in-controversy figure stated by the Wurtzes. Ms. Steward argued that she was entitled to the fee and expense amount previously awarded because the amount in controversy should be determined from the amount of the damages prayed for in the complaint.

The Trial Court granted the motion to reduce the award pursuant to § 16–22–309 stating, "I am going to amend [the earlier order] to reflect the statutory amount of attorney's fees as Six Hundred Sixty Five Dollars." On June 5, 1996, a supplemental order was filed. In that order, the Trial Court specifically found:

> [T]hat there has not been excusable neglect shown as to why [the Wurtzes] did not appear on March 11, 1996, therefore the order of Supplemental Judgment hereby stands. However, the Court having taken into account Ark. Code Ann. § 16–22–309, hereby modifies the order of Supplemental Judgment to reflect attorney's fees awarded to Kathryn Steward in the amount of $655.00 representing 10% of the amount in controversy.

No explanation is given for the difference between the amount the Trial Court stated from the bench, $665, and the $655 amount appearing in the order.

### 1. Procedure for modification

Ms. Steward argues that the Trial Court lacked the authority under Ark. R. Civ. P. 55(c) or Ark. R. Civ. P. 59 to reduce the amount of the award. We need not address those arguments because the Trial Court has the inherent power to modify an order with or without notice to any party by motion of a party or on its own within ninety days of filing. *Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (1994); *Blissard Management & Realty, Inc. v. Kremer*, 284 Ark. 136, 680 S.W.2d 694 (1984). The power of a court to modify or set aside a judgment during the term it was entered, now ninety days according to Rule 60(b), exists as an inherent power and outside of any rule or statute. *Blissard Management & Realty, Inc. v. Kremer, supra; Massengale v. Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980); *Cowan v. Patrick*, 247 Ark. 886, 448 S.W.2d 336 (1969); *Wright v. Ford*, 216 Ark. 55, 224 S.W.2d 50 (1949). That authority exists so that courts may review and correct any mistakes, errors, or indiscretions that might have been committed during the term. *Massengale v. Johnson, supra; Underwood v. Sledge*, 27 Ark. 295 (1871).

The supplemental order was filed on March 11, 1996 . The Order amending the supplemental order was filed within ninety days on June 5, 1996.

### 2. Amount in controversy

Section 16-22-309 provides for the award of attorney's fees:

(a)(1) In any civil action in which the court having jurisdiction finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party or his attorney, *the court shall award an attorney's fee in an amount not to exceed five thousand dollars ($5,000), or ten percent (10%) of the amount in controversy,* whichever is less, to the prevailing party unless a voluntary dismissal is filed or the pleadings are amended as to any nonjusticiable issue within a reasonable time after the attorney or party

filing the dismissal or the amended pleadings knew, or reasonably should have known, that he would not prevail. [Emphasis added.]

We note that the statute does not contemplate an award of "personal expenses" of the litigant other than an attorney's fee.

■ Ms. Steward contends the amount in controversy is determined by reference to the complaint which, in this instance, sought a total of $61,000 in damages. We have not, in the context of Ark. Code Ann. § 16-22-309 (Repl. 1994), defined "amount in controversy." We have generally accepted the amount pleaded in the plaintiff's complaint as the amount in controversy when that amount is significant in determining whether a court has jurisdiction, see *Pacific Mutual Life Ins. Co. v. Bierman*, 188 Ark. 703, 67 S.W.2d 577 (1934); *Deans v. Legg*, 184 Ark. 1175, 45 S.W.2d 523 (1932), as has the Supreme Court. *Weinberger v. Wiesenfeld*, 420 U.S. 636 (1975); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

In the cases in which a plaintiff is pleading an amount in controversy sufficient to confer jurisdiction upon a court, issues arise as to whether the amount is stated in good faith or whether it "appear[s] to a legal certainty that the claim is really for less." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where both actual and punitive damages are recoverable under a complaint, each must be considered. *Bell v. Preferred Life Society*, 320 U.S. 238 (1943).

■ In a case such as this one, the situation is opposite; the plaintiff attempts to convince the court that the amount in controversy is less than enough to justify the attorney's fee claim of the prevailing defendant. The obvious purpose of § 16-22-309 is to prevent claims without any basis in law or fact from being made in bad faith and for the purpose of harassment. In these circumstances, the court should be able to take the complaint at face value for determining the amount in controversy and thus the limit to be placed on the attorney's fee if it is found, in the words of subsection (b) of the statute that,

the action . . . was commenced . . . in bad faith solely for purposes of harassing or maliciously injuring another . . . without

just cause or that the party knew or should have known, that the action . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.

The Trial Court has apparently made ·that ·finding, and the Wurtzes have not cross-appealed from it. As 10% of $61,000 is more than $5,000, the limit prescribed by the statute is $5,000 in this case.

In closing, we observe that we have no inkling as to how or why the fee dispute in this case segued from a Rule 11 request to one made pursuant to § 16-22-309. No mention or argument was made to the Trial Court or on appeal with respect to whether the statute may be superseded by Rule 11.

We remand the case to the Trial Court for entry of an order consistent with this opinion.

Reversed and remanded.