Tom MILLER et ux *v.* James E. WILLEY
d/b/a/ WILLEY REAL ESTATE

74-349                                        521 S.W. 2d 68

Opinion delivered April 7, 1975

*Mooney & Boone*, for appellants.

*Warren E. Dupwe*, for appellee.

FRANK HOLT, Justice. Appellants gave appellee a written option to purchase their property for $10,000. The option was properly exercised and appellants refused to convey the property. The chancellor ordered specific performance by the appellants. On appeal they first contend that the chancellor erred in overruling appellants' demurrer to the evidence and not voiding the contract because of the failure of a tender of consideration. We cannot agree.

The appellants accepted a $100 payment when they signed the contract which provided that the balance would be paid "at closing." When appellee exercised the option to purchase, he notified appellants that the balance of the purchase price would be paid to them upon receipt of their deed and abstract. Appellants refused to deliver the deed and abstract. In appellee's complaint for specific performance, he reiterated his willingness to pay the agreed balance. At trial the appellee tendered the balance of the purchase money. Since appellants repudiated their contract, the tender of payment was unnecessary until the date, as here, the issue was litigated. The law does not require a tender of payment where it would be a vain and useless effort. *Gentry* v. *Holland*, 243 Ark. 172, 419 S.W.2d 130 (1967); *Hollowoa* v. *Buck*, 174 Ark. 497, 296 S.W. 74 (1927); and *Read's Drug Store* v. *Hessig-Ellis Drug Co.*, 93 Ark. 497, 125 S.W. 434 (1910). In the case at bar there was sufficient tender in view of the repudiation of the contract.

Neither can we agree that the trial court erred by not voiding the contract on the ground of the "Undisclosed Principal" doctrine. Appellant refused to deed the property to the

City of Jonesboro as instructed by the appellee who was purchasing this and other property for the city. The appellants, it appears, had some animosity toward the city and were unwilling for it to acquire their property. However, the appellants cannot repudiate their contract on this basis since they agreed to "execute and deliver to [appellee], or to any person or persons as we [appellee] **** shall direct in writing, a good and sufficient Warranty Deed and an up to date Abstract of . . . ." their property. Also, appellee testified that he was unaware of any ill feeling of appellants toward the city and that he acquainted appellants with the fact that he was purchasing the property for a client. An agent, without disclosing his principal, can make a valid and enforceable contract in his own name. *Shelby* v. *Burrow*, 76 Ark. 558, 89 S.W. 464 (1905); and Restatement of Agency 2d, § 304 (1957), Comment c. In the circumstances we cannot say the chancellor's findings are against the preponderance of the evidence.

Affirmed.