**FIRST STATE BANK OF DEQUEEN** *v.*
Frank J. GAMBLE, III and Anita GAMBLE

CA 83-452                                         685 S.W.2d 173

Court of Appeals of Arkansas
En Banc
Opinion delivered February 20, 1985

54

*William H. Hodge,* for appellant.

*Smith, Stroud, McClerkin, Dunn & Nutter,* by: *Winford L. Dunn, Jr.,* for appellees.

BASIL V. HICKS, JR., Special Judge. In this foreclosure proceeding Appellant sought recovery on a series of promissory notes and an associated mortgage. The factual matters were stipulated at both the hearings held in the case. Pertinent facts are set out below. Appellee's spouse, Frank J. Gamble, III, was also a party to the proceeding, did not appear and has taken no appeal.

On April 8, 1980, July 16, 1980, August 27, 1980, and October 1, 1980, Frank J. Gamble, III, executed promissory notes in favor of Appellant. On December 26, 1980, both Frank J. Gamble, III, and his wife, Appellee, Anita Gamble, executed a promissory note in favor of Appellant. This obligation was secured by a real estate mortgage on property in Sevier County, Arkansas. Thereafter, on January 13, 1982, Frank J. Gamble, III, executed another promissory note in favor of Appellant. Appellant sought recovery in the Chancery Court against Frank J. Gamble, III, on the notes individually executed by him, upon the joint obligation of Frank J. Gamble, III, and Appellee, and, in addition, foreclosure of the mortgage as security for *all* of the above obligations.

The parties stipulated at trial to the execution of

various notes, and the mortgage, and to the amounts due thereunder, to default dates and to interest accruals. The matter was submitted to the Chancellor upon Appellant's Complaint, Appellee's General Denial and that Stipulation of Facts.

The Chancellor found that Frank J. Gamble, III, although duly served, failed to appear and defend. The relief requested against Frank J. Gamble, III, was granted. The Chancellor found for Appellant on the note executed by both parties. Appellant's request for foreclosure of its mortgage was granted only with respect to the jointly executed note and attorney's fees were assessed against Appellee and Frank J. Gamble, III.

Following entry of the Decree by the Court, Appellee timely filed a motion seeking a new trial or modification of the Decree as to interest accruing between the due date of the note and day of entry of the Decree and in addition, as to attorney's fees awarded against the Appellee. In her motion, Appellee asserted that prior to the due date of the note a tender of principal and interest due had been made to Appellant and that there was no default due to Appellant's wrongful refusal to accept tender of payment by Appellee. The motion also asserted that the property upon which Appellant held the mortgage was the separate property of Appellee. At hearing on this motion, the parties again stipulated as to the factual matters.

It was stipulated that the note in the amount of $29,556.99 was secured by the mortgage on Sevier County real estate and that the Court had ordered, under the terms of its Decree, foreclosure sale of that property. On or before the due date of that obligation in June, 1981, Appellee made a tender of payment of principal and interest on that obligation. Appellant refused the tender giving as reason for refusal its contention that the existing outstanding mortgage secured the other notes due Appellant and identified previously in the record and which were executed only by Frank J. Gamble, III.

Thereafter, on August 29, 1983, the Chancellor entered

a modified Decree finding that Appellant wrongfully refused to accept the tender of payment from Appellee of the note dated December 26, 1980, and that the amount tendered and refused on or before June 26, 1981, was $31,620.42. The Chancellor further determined that based upon the wrongful refusal of tender Appellee was discharged from further interest accrual on the note in question and should have relief from the judgment for $1,300.00 in attorneys' fees originally awarded by the Court.

Appellant takes its appeal from the modified Decree asserting that the trial court incorrectly allowed Appellee to raise in her motion the defense of tender which had not previously been pleaded prior to the entry of the original Decree and further, that the trial Court erred in denying interest to Appellant after Appellee's tender because Appellee's tender was not unconditional.

We believe that the Chancellor was correct.

Under the Rules of Civil Procedure applicable in this case (specifically, rules 59 and 60) the trial Court is granted wide authority with respect to new trials, amendment and modification of judgments or decrees and with respect to relief from judgments, decrees or orders of the Court. We believe that the Chancellor's actions here fit comfortably within the rules above cited and with existing case law. Courts have control of their judgments during the term in which they are made for sufficient cause, either upon application or upon their own motion, to modify or set them aside. *Massengale* v. *Johnson,* 269 Ark. 269, 59 S.W.2d 743 (1980). Although terms of Court have now been abolished, the principle applies to matters timely before the Court. The Court, in *Massengale, supra,* indicates that the Court's power to make changes or modifications as in the instant case is inherent and plenary and exists without reference to any statute. This power is limited only by the Court's sound discretion. *Massengale, supra.* We believe that the Court exercised here its sound discretion to reach a correct result following an appropriate motion taking into consideration all before it by way of the pleadings and factual stipulation. It appears obvious to us the Chancellor correctly considered

and decided the matter based upon such facts as title to the property involved, Appellee's execution of only one note, and Appellant's position with respect to the application of the mortgage on Appellee's property to the Frank J. Gamble, III, obligations. There has been no claim in this Court by Appellant that the Chancellor's order was incorrect with respect to the application of the mortgage on Appellee's property to the Frank J. Gamble, III, notes.

Appellant's second point for reversal of the Judgment concerns the validity of Appellee's tender of payment. The Uniform Commercial Code provides that in a case in which a tender is made, as stipulated in this case, that subsequent liability for interest and attorney's fees is discharged. Ark. Stat. Ann. § 85-3-604 (Add. 1961). We have in the record before us a stipulation that a *tender* was made. This is a legal term of art and nothing in the factual stipulation indicates anything other than a valid tender. Appellee requested with her offer only such relief to which she was entitled which was release of the mortgage which secured the only note Appellee executed. Such an offer is not conditional as Appellant asserts. 74 AmJur 2d Tender § 26. Appellant was entitled only to recovery on the one note signed by both parties in connection with the real estate mortgage as the Chancellor correctly found and from which ruling there has been no appeal. Any renewal or continuation of the tender is not required since it would have been useless, in view of Appellant's position. *Tom Miller, et ux* v. *James E. Wiley d/b/a Wiley Real Estate,* 257 Ark. 961, 521 S.W.2d 68 (1975).

We affirm.

CORBIN, J., not participating.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I do not agree with the decision in this case and I believe it has a procedural significance that requires a full understanding of the issue involved.

On December 26, 1980, the appellee and her husband

executed and delivered a promissory note to the appellant bank. The note was due on or before June 26, 1981, and it was secured by a mortgage on real property belonging to the appellee. Sometime before due date, the appellee offered to pay the amount due on the note but only if the bank would release the mortgage on her real estate. The bank refused to do this, and the appellee did not pay the balance due.

Eventually the bank filed suit on the note. The complaint also asked for judgment against the husband on some notes he had executed individually. Judgment was granted against the husband on his individual notes and against him and the appellee on their joint note, and the mortgage on her real estate was ordered foreclosed to pay the amount of the joint note. The decree was dated June 3, 1983, and was filed of record on July 29, 1983.

· On August 8, 1983, over two months after the decree was dated and seven days after it was filed, the appellee filed a motion in which she stated that the amount of the judgment against her was excessive because it included interest up to the date of the decree but should have included interest only to the day she offered to pay the amount due on the note. At this point it should be noted that this is the first time such a contention had ever been mentioned to the court. The appellee's answer to the bank's complaint was a simple denial of each and every material allegation, and the case was submitted to the court upon a written stipulation of facts that stated, as to the joint note, that the appellee and her husband were in default under the terms of the note and that on February 5, 1982, (the day the complaint was filed), the "balance of principal and interest due thereon was $34,-158.34, together with daily interest accrual from that date [at] a daily rate of $11.33." Based on appellee's answer and her stipulation the court rendered its decree granting judgment against her in the amount of $34,158.34 "with interest thereon from February 5, 1982, at the daily rate of $11.33 until paid . . . ."

Despite the fact that no prior contention had been made that the offer to pay the note stopped the running of interest, and despite the fact that judgment had been entered against

the appellee in exactly the amount to which she had stipulated, when the court heard appellee's motion to modify the judgment she was allowed to introduce this new evidence about her offer to pay the note. The court then modified its decree by eliminating the interest that had accrued after the appellee's offer to pay and by reducing the amount of the judgment against her by the amount of the interest eliminated. The court also eliminated the attorney's fee the note authorized if suit were filed for collection. That amount had been set in the original decree, and the reason for modifying the original decree, as stated in the new decree, was that the bank "wrongfully refused to accept the tender of payment" made by appellee on or before the date the note was due. Now the court obtained this information from the evidence, in the form of an oral stipulation, made at the hearing on appellee's motion to modify the original decree. That stipulation also stated that the reason the bank refused to accept the offer to pay was because it was conditioned on the release of the mortgage, and that the bank refused to agree to the release because it contended the mortgage also secured the notes signed by the appellee's husband individually.

The majority opinion attempts to justify the modification of the original decree by Rules 59 and 60 of the Rules of Civil Procedure, the case of *Massengale* v. *Johnson,* 269 Ark. 269, 599 S.W.2d 743 (1980), and the exercise of the trial court's sound discretion. In all due respect, I think the majority is clearly wrong.

The Federal Rules of Civil Procedure were used as a foundation for the Arkansas Rules of Civil Procedure. *Third Annual Survey of Arkansas Law,* 3 UALR L.J. 145 at 177 (1980). Fed. R. Civ. P. 59(a) provides that on motion for new trial in a case tried without a jury, the court may take additional testimony, amend findings of fact and conclusions of law or make new ones, and may direct the entry of a new judgment. It has been pointed out that the court has greater freedom in handling a motion for new trial in a case that was tried without a jury than one tried with a jury since no jury problems are involved if new evidence is allowed. *See* 6A Moore, *Moore's Federal Practice* Par. 59.07 at 59-76

(1984). *Moore's* also points out that a motion under Fed. R. Civ. P. 59(a) is properly characterized as a motion for new trial whether it follows court or jury action, and that the Rule is an "amalgamation of the old motion for new trial at law and the petition for rehearing in equity." *Id.* at 59-70 n. 4. *Moore's* also states:

> Just as at law, a rehearing in equity and its present counterpart, a new trial in a court action, will not lie merely to relitigate old matter; nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial. As a practical matter, in equity formerly and in court actions now, three grounds for new trial are most commonly known: for manifest error of law or fact, and for newly discovered evidence.

*Id.* Par. 59.07 at 59-71 through 59-74.

Some cases supportive of the above text are *United States* v. *5.77 Acres of Land,* 3 F.D.R. 298 (E.D. N.Y. 1943), dismissing a motion filed "pursuant to Rule 59" for failure to allege any error in law or fact; *Rue* v. *Feuz Const. Co., Inc.,* 103 F. Supp. 499 (D. D.C. 1952), holding that the failure to call available witnesses does not constitute justification for reopening a case after it has been decided by the court; *Grumman Aircraft Eng. Corp.* v. *Renegotiation Board,* 482 F.2d 710 (D.C. Cir. 1973), rev'd on other grounds, 421 U.S. 168 (1975), finding that the district court properly denied a motion for rehearing as untimely where it sought to reopen proceedings to present a new theory not raised during the original proceedings; *Zenith Radio Corp.* v. *Hazeltine Research, Inc.,* 401 U.S. 321 (1971), where the trial court had refused to modify certain damages it had fixed, and the United States Supreme Court said:

> On the assumption that the trial court did hold the defenses of limitations and release to have been waived, we cannot say that the judge abused his discretion or stressed too much the value of avoiding reopening a trial to litigate matters that HRI had had an opportunity, but neglected to litigate.

*Id.* at 332.

Every one of the reasons for refusing to allow a party to reopen a trial, given by the courts in the above cases, apply to the instant case. Here, the trial was over and judgment had been entered. But without even suggesting that an error in fact or law had been made by the trial court in the judgment entered, the appellee was allowed to reopen the case and present a theory not raised before; to introduce evidence, obviously available but not offered before; and to litigate a matter she had every opportunity, but neglected, to litigate before. Assuming the trial court had the discretion to allow the new trial, I think there was a clear abuse of that discretion. ARCP 59 was not intended to be used in this manner, and surely there is enough criticism and concern about the enormous amount of litigation pending in the courts of this country to cause us to refuse to authorize the misuse of a rule that was designed to help our adversary system achieve fairness and justice, not to promote neglect and delay.

Moreover, I think this court, in reviewing the exercise of discretion by the various trial courts of the state, has a duty to try to bring a degree of balance to the exercise of that disretion. On January 30, less than a month ago, we decided *Odaware* v. *Robertson Aerial-Ag, Inc.*, 13 Ark. App. 285, 683 S.W.2d 624 (1985), in which we affirmed a trial court that refused to allow a defendant to amend his answer to plead a defense he had disclosed to the defendant in answers to interrogatories filed more than 20 months prior to trial. On the other extreme, today we approve the granting of a motion to hold a new hearing and raise a new defense after the case has already been tried and judgment has already been rendered. And this new defense is allowed without the offer of any excuse for its tardy assertion.

Neither do I believe that ARCP 60 nor the case of *Massengale* v. *Johnson, supra,* cited in the majority opinion, justifies the decision reached. Rule 60 is concerned with the setting aside of judgments under conditions and limitations that are not involved as issues in this case. And *Massengale,* although similar in some respects, is significantly different from this case.

In *Massengale,* the court had found that the appellees there were in default in payment on a contract to purchase a business from the appellants. The contract permitted postponement of payments for certain repairs and improvements and there was some evidence introduced that the appellees had made some repairs and improvements. After announcing the decision from the bench, the chancellor later vacated it and allowed the appellees to amend their original answer to allege expenditures justifying nonpayment of the annual installment in question. The matter was then set for a new hearing and the appellees were allowed to introduce new evidence. The judge then reversed the first decision by holding that the appellees were not in default. The Supreme Court affirmed that action and its opinion states that the chancellor "apparently gave little consideration" to the provision of the contract that allowed postponement of payments for repairs and improvement; but when the motion to vacate the first judgment was made, the judge realized the importance of that provision and that it had not been adequately explored, and the new hearing was granted.

· The difference between *Massengale* and the instant case is that the evidence introduced at the first hearing in *Massengale* presented a complete defense to the failure to make the annual payment involved, and under ARCP 15(b) pleadings are to be treated as amended to conform to the evidence. Thus, the court simply allowed an issue to be fully developed that was already before the court. Here, the only evidence presented at the first hearing was by written stipulation and not a word is mentioned in that stipulation about the appellee's offer to pay her note. Furthermore, in this case the amount due on appellee's note was agreed to by both parties and was set out in the stipulation before the court at the first hearing. *Massengale* is so different it clearly does not support the trial court's action in this case.

Finally, I note the reference in the majority opinion to the trial court's inherent and plenary power to control its judgment during the term it is rendered. Our Supreme Court said this same thing of the chancery court in *Massengale* and of the circuit court in *Cowan v. Patrick,* 247 Ark. 886, 448

S.W.2d 336 (1969) and *Blissard Management & Realty Co., Inc.* v. *Kremer,* 284 Ark. 136, 680 S.W.2d 694 (1984). This power, however, in no way negates the fact, made clear by each of these cases, that the trial court's power over its judgments must be used in the exercise of sound discretion and that the trial court's action in that regard may be reversed for the abuse of that discretion. Of course, this inherent power exists to enable the court to correct its mistakes, errors, or indiscretions. *See Cowan* v. *Patrick, supra.* But, in this case, the court did not set aside its judgment for any of those reasons. Very clearly, under the circumstances in this case, there was an abuse of the court's discretion.

I would reverse and remand with directions to reinstate the original judgment.

COOPER, J., joins in this dissent.